Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/21/2019 09:07 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
PHILLIP M. PRIVETT, APPELLANT.
___ N.W.2d ___

Filed June 21, 2019.    No. S-18-775.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.

2. **Postconviction: Constitutional Law: Proof.** A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution.

3. **Postconviction: Pleadings.** A defendant is required to make specific allegations instead of mere conclusions of fact or law in order to receive an evidentiary hearing for postconviction relief.

4. **Postconviction: Appeal and Error.** When a district court denies postconviction relief without conducting an evidentiary hearing, an appellate court must determine whether the petitioner has alleged facts that would support the claim and, if so, whether the files and records affirmatively show that he or she is entitled to no relief.

5. **Effectiveness of Counsel: Pleas: Waiver.** Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge. Thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel.

6. **Postconviction: Effectiveness of Counsel: Pleas.** In a postconviction proceeding brought by a defendant convicted because of a guilty plea or a plea of no contest, a court will consider an allegation that the plea was the result of ineffective assistance of counsel.

7. **Postconviction: Effectiveness of Counsel: Proof: Appeal and Error.** In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case.

8. **Convictions: Effectiveness of Counsel: Pleas: Proof.** When a conviction is based upon a guilty plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty.

9. **Effectiveness of Counsel: Appeal and Error.** The two prongs of the ineffective assistance of counsel test under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), deficient performance and prejudice, may be addressed in either order.

10. **Effectiveness of Counsel: Proof.** In the context of a claim of ineffectiveness of counsel for failure to investigate, allegations are too speculative to warrant relief if the petitioner fails to allege what exculpatory evidence that the investigation would have procured and how it would have affected the outcome of the case.

11. **Effectiveness of Counsel: Pleas: Proof.** Self-serving declarations that a defendant would have gone to trial are not enough to warrant a hearing; a defendant must present objective evidence showing a reasonable probability that he or she would have insisted on going to trial.

Appeal from the District Court for Knox County: James G. Kube, Judge. Affirmed.

Michael J. Wilson, of Schaefer Shapiro, L.L.P., for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ.

CASSEL, J.

## INTRODUCTION

Phillip M. Privett appeals from an order denying his motion for postconviction relief without an evidentiary hearing. He raises two claims of ineffective assistance of trial counsel. Although he asserts that counsel failed to investigate and advise him of a viable defense, his motion failed to allege sufficient facts. He also claims that in response to his hearing impairment, counsel failed to request the court to amplify its voice or employ a telecommunications device. But, the record affirmatively refutes his claim. We affirm.

## BACKGROUND

The State charged Privett with first degree murder and use of a firearm to commit a felony. Two attorneys were appointed to represent him. Pursuant to a plea agreement, the State amended the first count to second degree murder and Privett pled no contest to both counts. The district court sentenced him to 30 to 50 years' imprisonment for second degree murder and not less than or more than 10 years' imprisonment for use of a firearm to commit a felony.

On direct appeal, Privett assigned that he received excessive sentences. The Nebraska Court of Appeals summarily affirmed his sentences.

Represented by different counsel, Privett filed an amended motion for postconviction relief, asserting two claims of ineffective assistance of trial counsel. First, he claimed that trial counsel were ineffective when they failed "to adequately investigate and advise Privett as to 'the available options and possible consequences' prior to pleading no contest." Second, he asserted that trial counsel were ineffective for failing "to request continued amplification of the words of [the district court] and the parties at the plea hearing [or] provid[e] a telecommunications device for the deaf."

The district court denied postconviction relief without an evidentiary hearing, finding that Privett did not allege

sufficient facts and that the record affirmatively disproved the claims.

Privett filed a timely appeal, which we moved to our docket.[1]

## ASSIGNMENTS OF ERROR

Privett assigns that the district court erred in denying an evidentiary hearing on his claims for ineffective assistance of trial counsel where counsel (1) failed to advise Privett concerning a viable defense that he lacked capacity to form the intent required to commit murder and (2) failed to request additional amplification or a telecommunications device for the deaf during the proceedings.

We note that in Privett's amended motion for postconviction relief, he claimed counsel were ineffective for failing to advise on a defense of sudden quarrel manslaughter. On appeal, Privett does not assign error to or argue that claim. Therefore, we do not address it.[2]

## STANDARD OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.[3]

## ANALYSIS

Privett contends that the district court erred in dismissing his claims for ineffective assistance of counsel without an evidentiary hearing. Generally, he argues that his claims did not allege mere conclusions of fact and that the record did not affirmatively disprove his claims. We first recite the general principles

---

[1] See, Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2018); Neb. Rev. Stat. § 29-3002 (Reissue 2016).

[2] See *State v. Munoz, ante* p. 69, 927 N.W.2d 25 (2019).

[3] *State v. Martinez*, 302 Neb. 526, 924 N.W.2d 295 (2019).

of law regarding postconviction motions and ineffective assistance of counsel; we then turn to Privett's specific claims.

## GENERAL PRINCIPLES OF LAW

[2-4] A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution.[4] A defendant is required to make specific allegations instead of mere conclusions of fact or law in order to receive an evidentiary hearing for postconviction relief.[5] When a district court denies postconviction relief without conducting an evidentiary hearing, an appellate court must determine whether the petitioner has alleged facts that would support the claim and, if so, whether the files and records affirmatively show that he or she is entitled to no relief.[6]

[5,6] Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge.[7] Thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel.[8] In a postconviction proceeding brought by a defendant convicted because of a guilty plea or a plea of no contest, a court will consider an allegation that the plea was the result of ineffective assistance of counsel.[9] Because Privett pled no contest to the charges, we will consider his allegations that the plea was the result of ineffective assistance of trial counsel.

---

[4] *Id.*

[5] *State v. Fox*, 286 Neb. 956, 840 N.W.2d 479 (2013).

[6] *State v. Collins*, 299 Neb. 160, 907 N.W.2d 721 (2018).

[7] *State v. Payne*, 298 Neb. 373, 904 N.W.2d 275 (2017).

[8] *Id.*

[9] *Id.*

[7-9] In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*,[10] to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case.[11] When a conviction is based upon a guilty plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty.[12] The two prongs of the ineffective assistance of counsel test under *Strickland*, deficient performance and prejudice, may be addressed in either order.[13]

## DEFENSE

Responding to the district court's reasoning, Privett's brief on appeal argues that the district court erred in dismissing his claim without an evidentiary hearing, "because trial counsel's comments during sentencing demonstrate that they knew Privett had no ability to form the necessary intent to commit murder, and that effective assistance required additional investigation from experts other than the State's forensic [psychiatrist, Dr.] Y. Scott Moore."[14]

Privett argues that trial counsel were deficient for failing to investigate into his "unique personal circumstances."[15] But, as

---

[10] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[11] *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015).

[12] *Id.*

[13] *Id.*

[14] Brief for appellant at 7.

[15] *Id*. at 11.

the district court correctly determined, trial counsel did conduct a diligent investigation when they filed a notice of intent to rely on the insanity defense and a motion for a psychological examination of Privett. The court granted the motion for a psychological evaluation, which was performed by Dr. Y. Scott Moore. The record shows that Moore is a forensic psychiatrist with the Lincoln Regional Center.

Candidly, Privett's remaining arguments that trial counsel were ineffective for failing to investigate a defense of an inability to form intent, to advise Privett about that defense, and to obtain an evaluation from someone other than Moore are intertwined. We separate them for discussion.

Privett argues that counsel were ineffective for failing to investigate, premising this argument upon counsel's purported knowledge that he could not have formed the requisite intent. To establish counsel's knowledge, Privett relies on two statements made by trial counsel at the sentencing hearing. First, counsel stated, "I think that the post-traumatic stress disorder may have played a role in that as might have the medications he's on." Second, counsel stated, "[W]e won't know exactly what happened and we won't know why it happened." Privett argues that these statements alone dictated that it was necessary for trial counsel to investigate further and, specifically, to hire an independent forensic psychologist.

[10] In the context of a claim of ineffectiveness of counsel for failure to investigate, allegations are too speculative to warrant relief if the petitioner fails to allege what exculpatory evidence that the investigation would have procured and how it would have affected the outcome of the case.[16] Privett broadly alleged that further investigation required an independent forensic psychologist, but he did not allege what exculpatory evidence would have been discovered by the forensic psychologist or how that evidence would have affected the outcome of the case. We agree with the district court that the

---

[16] *State v. Vanderpool*, 286 Neb. 111, 835 N.W.2d 52 (2013).

facts alleged were insufficient to show deficient conduct by trial counsel.

Privett argues that trial counsel were ineffective for failing to advise him on a defense where his post-traumatic stress disorder (PTSD) and medications caused him to enter a dissociative state and prevented him from forming the requisite intent. Trial counsel appropriately relied on Moore's evaluations when advising Privett on viable defenses. In Moore's evaluation of Privett's competency for trial, Moore remarked:

> When I talk to [Privett] about the symptoms of PTSD, he tells me that it is mostly a matter of being a little bit "jumpy" and he tells me that if he hears a loud noise, he still has a tendency to "hit the dirt" until he knows what it is.

In the evaluation regarding sanity, Moore stated that Privett confessed to a history of alcohol usage and that with "his new history . . . of having a great many times of no memory of what he had been doing, there is the possibility that . . . Privett was in a state of alcohol blackout at the time of the alleged murder." Further, he opined that "[o]ther than some symptoms of sleep difficulties and some startle reactions described to me . . . , I cannot find any marked symptoms of PTSD in this gentleman."

Moore's evaluations refute the allegation that Privett's PTSD and medications caused him to enter into a dissociative state. And Privett's motion fails to allege facts showing that a different forensic psychologist likely would have concluded otherwise. Without facts to show why trial counsel should not have relied on Moore's evaluations, there was no factual basis for the existence of such defense. With no basis to support the defense's existence, trial counsel had no obligation to advise him of it.[17] Therefore, the district court did not err in finding that the record affirmatively refuted Privett's claim.

---

[17] See *Armendariz, supra* note 11.

Finally, Privett asserts that trial counsel were ineffective for failing to obtain an independent forensic psychological evaluation. In a postconviction motion, an allegation that defense counsel was ineffective in failing to procure witnesses favorable to the defendant was properly dismissed without an evidentiary hearing where the motion did not specifically identify the witnesses or the nature of their testimony.[18] Privett failed to sufficiently allege whom trial counsel should have obtained to perform an independent forensic psychological evaluation and what the forensic psychologist would have opined as the explanation for his failure to remember the events surrounding the victim's death. We agree with the district court that the facts alleged are insufficient to show deficient conduct by trial counsel.

## HEARING IMPAIRMENT

Privett contends that trial counsel were ineffective when they failed to inform the court that he could not hear or failed to provide him with a telecommunications device. He alleged that after the court amplified its voice during the sentencing hearing, it then decreased the volume of its voice to a point where he could not hear. He argues that this left him unable to understand the nature of the proceedings against him, which deprived him of his right to due process under the 14th Amendment to the U.S. Constitution.

Nebraska courts have yet to discuss whether counsel is ineffective for failing to inform the court when its hard-of-hearing client cannot hear. But, an Ohio court discussed the issue in an almost identical factual scenario.

In *State v. Thomas*,[19] the defendant claimed that trial counsel was ineffective for failing to request a hearing device for his hearing-impaired client. During the plea hearing, the

---

[18] See *State v. McGhee*, 280 Neb. 558, 787 N.W.2d 700 (2010).

[19] *State v. Thomas*, Nos. 25331, 25332, 2014 WL 1339070 (Ohio App. Mar. 21, 2014) (unpublished opinion).

court moved the defendant closer to the bench. The defendant affirmed his ability to hear the court and counsel. The court informed the defendant that if he could not hear clearly, to let it know so it could repeat itself. The court inquired several times throughout the plea whether the defendant could hear, and in each instance, the defendant affirmed that he could. The Ohio appellate court determined that the record clearly refuted the claim. Thus, the appellate court concluded that trial counsel's performance was not deficient.

Here, the record shows that Privett heard, understood, and appropriately responded during the proceedings. At the hearing during which Privett entered his pleas, he did not express that he was having any difficulty hearing anything. All of his answers to the court's questions responded directly and appropriately. And contrary to Privett's argument on appeal, the only hearing at which Privett expressed any difficulty in hearing was the sentencing proceeding. During that event, one of Privett's counsel advised the court that Privett did not have any working hearing aids and had told his attorney that he was having difficulty hearing. In response, the court instructed Privett that if he could not hear, he should inform his attorney or raise his hand. Later, Privett did inform the court that he could not hear. At that time, the court stated, "All right. Then what we'll do is postpone this and come back when he has a hearing aid." Privett responded, "No, sir, please don't." The court then asked Privett whether he could tell the court what it was trying to do. Privett responded, "Try to decide what [its] going to do with me, I guess." He then stated that he could sufficiently hear the court and answered all the court's remaining questions without issue.

[11] Self-serving declarations that a defendant would have gone to trial are not enough to warrant a hearing; a defendant must present objective evidence showing a reasonable probability that he or she would have insisted on going to trial.[20]

---

[20] *State v. Barrera-Garrido*, 296 Neb. 647, 895 N.W.2d 661 (2017).

Privett's self-serving declaration that the court lowered its voice during the proceeding and that he could not hear is clearly refuted by the record. The record shows that the district court made every effort to ensure that Privett could hear and understand the proceedings, including repeatedly offering to continue the hearing to a later date. Privett declined each invitation to postpone the sentencing. Accordingly, the district court did not err in finding that the record affirmatively disproved Privett's allegation of not being able to hear.

## CONCLUSION

For the reasons set forth above, we affirm the final order of the district court.

AFFIRMED.

FREUDENBERG, J., not participating.