IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. BURHAN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

OMAR S. BURHAN, APPELLANT.

Filed September 24, 2019.    No. A-18-866.

Appeal from the District Court for Douglas County: LEIGH ANN RETELSDORF, Judge. Affirmed.

Omar S. Burhan, pro se.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

RIEDMANN, BISHOP, and ARTERBURN, Judges.

BISHOP, Judge.

## I. INTRODUCTION

Omar S. Burhan was convicted by a jury of robbery, possession of a firearm by a prohibited person, second degree assault, and two counts of use of a deadly weapon (firearm) to commit a felony. We affirmed his convictions and sentences on direct appeal. See *State v. Burhan*, No. A-15-572, 2016 WL 4751803 (Neb. App. Sept. 13, 2016) (selected for posting to court website) (*State v. Burhan I*).

Burhan, pro se, now appeals from an order entered by the Douglas County District Court denying his motion for postconviction relief without an evidentiary hearing. Burhan also attempts to challenge a separate order which denied his motion for return of personal property. We affirm the order denying postconviction relief without an evidentiary hearing. We do not address in this opinion the district court's separate order denying the return of personal property since Burhan's

notice of appeal herein only references the order denying postconviction relief. A separate appeal was filed from the district court's order denying the return of personal property. Therefore, that order is not before us here.

## II. BACKGROUND

### 1. FACTUAL BACKGROUND

On August 5, 2014, Elizabeth Albrecht sustained three gunshot wounds. She told police that a man she knew as "Charles" or "T" had shot her and driven away in her car, a white Nissan Altima with South Dakota license plates (she was also able to provide the officers with the license plate number). A police broadcast was issued regarding the description of the vehicle. An officer subsequently located Albrecht's vehicle at a self-serve carwash, and Burhan was standing next to it. Burhan was holding a garbage bag containing several items, including clothing with apparent blood, a GPS, a towel, and a pair of gloves. Burhan was arrested and taken to police headquarters.

At headquarters, Burhan was swabbed for DNA and gunshot residue (GSR) before being interviewed. During the video-recorded police interview, Burhan denied involvement in the shooting. He stated that he was walking by the carwash on his way to visit a friend when a man flagged him down and offered to sell him some items; Burhan agreed to buy clothing, shoes, and a GPS for $20. According to Burhan, the man put the items in a bag and handed it to him saying "I'll be right back"; the man then walked off with another bag before the police arrived.

A more detailed factual background can be found in this court's previous opinion on Burhan's direct appeal. See *State v. Burhan I*.

### 2. JURY TRIAL

Following a jury trial, Burhan was convicted of robbery, possession of a firearm by a prohibited person, second degree assault, and two counts of use of a deadly weapon (firearm) to commit a felony. The Douglas County District Court sentenced Burhan to imprisonment for 10 to 15 years for the robbery (Count 1), 10 to 10 years for the possession of a firearm by a prohibited person (Count 3), 20 to 20 years for the second degree assault (Count 4), and 5 to 10 years for each of the uses of a deadly weapon (firearm) to commit a felony (Counts 2 and 5). The court ordered the sentences in Counts 1, 3, and 4 to be served concurrently with each other, the sentence in Count 2 was to be served consecutively to the sentence in Count 1, and the sentence in Count 5 was to be served consecutively to the sentence in Count 4. Burhan appealed.

### 3. DIRECT APPEAL

On direct appeal, this court affirmed Burhan's convictions and sentences. See *State v. Burhan I*. And because Burhan had different counsel on direct appeal than he had at trial, we also addressed the four claims of ineffective assistance of trial counsel he raised on direct appeal: that his trial counsel was ineffective because counsel (1) failed to obtain and present DNA evidence in his defense, (2) failed to obtain and present GSR evidence in his defense, (3) failed to elicit evidence regarding Burhan's lack of motive to commit the offense in dispute, and (4) failed to present Burhan's defense. We determined that the record on appeal was insufficient to determine claims 1, 2, and 4 above. However, we specifically rejected claim 3 above, finding that Burhan could not show that trial counsel was deficient or that he was prejudiced.

Burhan filed a petition for further review with the Nebraska Supreme Court; that petition was denied on November 3, 2016.

### 4. MOTION FOR POSTCONVICTION RELIEF

On October 27, 2017, Burhan, pro se, filed a 57-page verified motion for postconviction relief. Burhan asserted numerous claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel. He also alleged actual innocence, as well as due process and double jeopardy violations.

In its response filed on February 1, 2018, the State asserted that Burhan's motion only alleged conclusions of fact, or that the record and files affirmatively showed Burhan was not entitled to relief. The State moved for the district court to enter an order denying Burhan's motion for postconviction relief without an evidentiary hearing.

In its order filed on August 14, 2018, the district court denied Burhan's motion for postconviction relief without an evidentiary hearing because his arguments for relief were either not pled with specific facts, the record affirmatively established his claims were without merit, or they were procedurally barred. Burhan's motion to alter or amend the August 14 order was denied on September 7.

### 5. NOTICE OF APPEAL

In his notice of appeal filed on September 11, 2018, Burhan states his intention "to prosecute an appeal of the judgment . . . dated August [14], 2018." Accordingly, Burhan is appealing only from the order denying his motion for postconviction relief without an evidentiary hearing.

## III. ASSIGNMENTS OF ERROR

Burhan assigns, summarized and restated, that the district court erred in (1) failing to consider specific facts and factual allegations which, if proved, constitute an infringement of his rights under the state and federal Constitutions; (2) failing to consider allegations that appellate counsel was ineffective on direct appeal for failing to raise that trial counsel was ineffective for (a) failing to investigate "the disposition of material evidence," (b) failing to investigate "specific seized items" that were material to make a meaningful defense, (c) failing to investigate by obtaining "scientific evidence," and (d) failing to investigate, take depositions, and obtain "witnesses"; and (3) failing to acknowledge that he was prejudiced by the deficient performance of trial and appellate counsel.

Additional arguments made by Burhan, but not assigned as error, regarding appellate counsel's failure to investigate will not be addressed on appeal; this includes all evidence beyond that which was "disposed of," "seized," or "scientific," as well as those who were "witnesses." See *State v. Munoz*, 303 Neb. 69, 927 N.W.2d 25 (2019) (alleged error must be both specifically assigned and specifically argued in brief of party asserting error to be considered by appellate court).

## IV. STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his

or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Martinez*, 302 Neb. 526, 924 N.W.2d 295 (2019).

## V. ANALYSIS

### 1. LEGAL STANDARDS

Postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her constitutional rights such that the judgment was void or voidable. *State v. Martinez, supra*.

A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution. *State v. Martinez, supra*. If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *Id.*

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Martinez, supra*. To show prejudice under the prejudice component of the *Strickland* test, the defendant must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different. *State v. Martinez, supra.* A reasonable probability does not require that it be more likely than not that the deficient performance altered the outcome of the case; rather, the defendant must show a probability sufficient to undermine confidence in the outcome. *Id.* The two prongs of this test may be addressed in either order. *Id.*

When a claim of ineffective assistance of appellate counsel is based on the failure to raise a claim on appeal of ineffective assistance of trial counsel (a layered claim of ineffective assistance of counsel), an appellate court will look at whether trial counsel was ineffective under the *Strickland* test. *State v. Allen*, 301 Neb. 560, 919 N.W.2d 500 (2018). If trial counsel was not ineffective, then the defendant was not prejudiced by appellate counsel's failure to raise the issue. *Id*. Much like claims of ineffective assistance of trial counsel, the defendant must show that *but for* counsel's failure to raise the claim, there is a reasonable probability that the outcome would have been different. *Id*.

We now turn to Burhan's specific allegations of ineffective assistance of appellate counsel.

### 2. BURHAN'S CLAIMS

In his motion for postconviction relief, Burhan alleged numerous claims of ineffective assistance of appellate counsel, all of which were denied by the district court without an evidentiary hearing. However, in his brief on appeal, Burhan only assigns as error the district court's failure to consider allegations that appellate counsel was ineffective on direct appeal for failing to raise that trial counsel was ineffective for (a) failing to investigate "the disposition of material evidence," (b) failing to investigate "specific seized items" that were material to make a meaningful defense, (c) failing to investigate by obtaining "scientific evidence," and (d) failing to

investigate, take depositions, and obtain "witnesses." Brief for appellant at 2-3. Accordingly, those are the only issues preserved for appellate review.

### (a) Items Disposed of and/or Seized

In his motion for postconviction relief, Burhan claimed that trial counsel caused him prejudice by "failing to argue or offer evidence in adverse to the State releasing exculpatory evidence (i.e., vehicle, cell phone, money, etc.), to adversarially test and adequately present evidence based on [Burhan's] version of what lead up to the events that occurred" on the date of the incident.

In his motion for postconviction relief, Burhan alleged that he was with Albrecht in her vehicle on August 5, 2014, he was in possession of $1,000, she retrieved a firearm and ordered him to give her his money, and he resisted using his martial arts skills. An altercation ensued and Albrecht began to strike Burhan. While he held her wrist, Albrecht "eradically [sic] and wrecklessly [sic] discharged the gun four times inside the vehicle"; three of the shots hit Albrecht. Burhan claims that Albrecht got out of the vehicle and he "drove away in the car fleeing for his life." We note this version of events differs from that previously provided by Burhan in his video-recorded police interview from August 5 (received into evidence at trial), as set forth previously in this opinion.

In his appellate brief, Burhan claims that law enforcement did not subject certain evidence to a thorough investigation and thus trial counsel had an obligation to investigate such items and "challenge" the items which were released to Albrecht 7 days after the incident and Burhan's arrest. Burhan specifically mentions items seized from him at the time of his arrest, namely, the Nissan Altima, $2,694 cash, a cell phone, a GPS device, and "[o]ther" evidence. Brief for appellant at 14. He claims that law enforcement's release of the items to Albrecht "blocked the defense from access and availability of the evidence the State used against [Burhan]." *Id*. at 15. "The Due Process violation done by law enforcement was not harmless, and trial counsel's failure to challenge the error only further prejudiced [Burhan] by failing to protect his Constitutional rights to stand [sic] a fair trial." Brief for appellant at 15.

### (i) Nissan Altima

As for the Altima itself, in his motion for postconviction relief, Burhan alleged that his "rights to due process were taken away to adequately investigate to show circumstantial evidence from the bullet trajectory, to the finger prints Burhan left to the interior ceiling inside the vehicle."

### a. Bullet Trajectory

Burhan claims that the police officers and lab technicians did not conduct a scientific test to examine the bullet trajectory to determine which direction the bullets were fired from inside the vehicle; he then claims that trial counsel failed to make an "evidentiary objection to negligent investigation." However, in his appellate brief, he claims that it was "trial counsel" that failed to investigate "the disposition of material evidence" and "seized items" and failed to "adequately investigate by obtaining scientific evidence." Thus, he has raised different claims in his motion for postconviction relief and in his brief on appeal. In his motion for postconviction relief, Burhan did not allege that trial counsel failed to investigate evidence of the bullet trajectory in the Altima. And

in his brief on appeal, Burhan did not assign error to trial counsel's failure to make an "evidentiary objection." Thus, the ineffective assistance claims with respect to bullet trajectory evidence in the Altima are not properly before this court.

### b. Fingerprints

Because Burhan apparently no longer denies being in Albrecht's vehicle on August 5, 2014, or fleeing from the scene in her vehicle, we fail to see how the presence or absence of his fingerprints would be exculpatory or otherwise undermine confidence in the outcome of the trial. This is especially true when the testimony at trial was that Burhan was found with the vehicle at a carwash, and he was in possession of a towel. The towel could have been used to wipe down the vehicle and eliminate any fingerprint evidence. Because Burhan cannot show a sufficient probability to undermine confidence in the outcome of trial, he has failed to show prejudice and his ineffective assistance of counsel claim fails. See *State v. Allen, supra* (if trial counsel was not ineffective, then defendant was not prejudiced by appellate counsel's failure to raise issue).

### (ii) Cash, Cell Phone, and GPS

In the portion of his motion for postconviction relief discussing the ineffectiveness of trial counsel, Burhan sets forth what the "prejudice" was in releasing the money, stating the inference created by telling the jury the money was released to Albrecht is that the money was hers and he shot her three times to get it. And in the portion of his motion for postconviction relief discussing the ineffectiveness of appellate counsel, Burhan alleges that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness in failing to investigate the "true ownership of the $2694" found in the vehicle and in failing to challenge "any of the evidence" "released to Albrecht." However, in his brief on appeal, Burhan assigns as error that his appellate counsel was ineffective by failing to raise trial counsel's ineffectiveness in failing to "investigate the disposition of material evidence" and in failing to assert a due process defense when law enforcement disposed of material evidence; there was no reference to the jury being told that the money was released to Albrecht. And Burhan did not specifically allege how the actual $2,694 cash would have corroborated his version of the events that occurred in the vehicle (i.e., that Albrecht shot herself), nor does he specifically allege how the actual cash would have undermined confidence in the outcome of trial.

As for the cell phone (including the cell phone records), Burhan seems to be claiming that the cell phone seized by police was different than the one Albrecht had in the ambulance. However, Burhan did not specifically allege how the cell phone (and cell phone records) would have corroborated his version of the events that occurred in the vehicle nor does he specifically allege how the items would have undermined confidence in the outcome of trial. Thus, he cannot show prejudice on appellate counsel's failure to raise trial counsel's ineffectiveness in failing to investigate the cell phone and/or cell phone records.

As for the GPS, in his brief, Burhan claims it would have shown the sequence of events. And in his motion for postconviction relief, he said it would have been "valuable information to *whether* Albrecht was truthful" in stating she was at a casino in South Dakota before traveling to Omaha. (Emphasis supplied.) Speculative allegations are an insufficient basis for postconviction relief. *State v. DeJong*, 292 Neb. 305, 872 N.W.2d 275 (2015). Nevertheless, as noted by the State,

"Even if Albrecht had not been entirely truthful about her travels before arriving in Omaha, it would not prove that she did not have any money or that Burhan did not rob and assault her." Brief for appellee at 23. We fail to see how Albrecht's route of travel would undermine confidence in the outcome of trial, given that Burhan now claims he was in the vehicle on August 5, 2014. The GPS data would certainly not reveal the events that transpired in the vehicle when Albrecht was shot.

### (b) Scientific Evidence

In his motion for postconviction relief, Burhan claimed that his appellate counsel was ineffective for failing to allege that trial counsel was ineffective for failing to obtain GSR and DNA evidence to aid in his defense. Both of these claims were raised by appellate counsel on direct appeal, but we found that the record on direct appeal was insufficient to determine the claims. See *State v. Burhan I*. Thus, Burhan's claims that his appellate counsel was ineffective for failing to raise these issues are refuted by the record; appellate counsel did raise the issues on direct appeal, thus preserving them to be raised in a postconviction action.

However, in his motion for postconviction relief, other than raising appellate counsel's ineffectiveness as stated above, Burhan did not specifically assert that his trial counsel was ineffective for failing to produce GSR and DNA evidence to aid in his defense. Thus, such claims are not properly before this court.

### (c) Witnesses

In his brief on appeal, Burhan assigns that his appellate counsel was ineffective by failing to claim that trial counsel was ineffective for failing to "adequately investigate, take depositions, and obtain witnesses." Brief for appellant at 2. However, in his motion for postconviction relief, Burhan alleged only that appellate counsel failed to claim that trial counsel was ineffective failing to "call or even attempt to call" several witnesses on Burhan's behalf. Thus, only the failure to call or attempt to call witnesses is at issue in this appeal.

The only witnesses specifically named both in the appellate counsel section of Burhan's motion for postconviction relief, and his brief on appeal, are "JD," Marcus Eason, Sifu Troy Dunwood, and Kalesha Day. Burhan claimed their testimony "would have defended the allegations by Albrecht and decreased the weight of the State's case."

Burhan alleged that the testimony of JD (a mutual acquaintance of Albrecht and Burhan) would have "impeached Albrecht's statements and allegations of selling electronics to the actual allegations of being rob [sic] by Burhan since they all were good friends." He further alleged that JD's testimony "would had [sic] shown that [Burhan] had money and Albrecht's interest in [Burhan] and whether he had known whether Albrecht or Burhan carried a gun." However, given that JD was not in the vehicle with Albrecht and Burhan on August 5, 2014, any alleged testimony JD would have provided does not undermine confidence in the outcome of trial. Accordingly, Burhan has failed to show prejudice.

Burhan alleged that he believed Eason (who Albrecht claimed was her boyfriend) "is another false allegation made by Albrecht." However, Burhan failed to allege how calling or attempting to call Eason would have produced a different outcome at trial. More specifically, he did not identify any exculpatory evidence that would have been procured by calling this witness.

See *State v. Sellers*, 290 Neb. 18, 858 N.W.2d 577 (2015) (conclusory allegations are insufficient to establish prejudice prong of *Strickland* test).

Burhan alleged that Daye was his girlfriend, but he did not allege what Daye's testimony would have been. In a motion for postconviction relief, a defendant is required to specifically allege what the testimony of potential witnesses would have been if they had been called. *State v. Henderson*, 301 Neb. 633, 920 N.W.2d 246 (2018). Absent specific allegations, a motion for postconviction relief is subject to dismissal without an evidentiary hearing. Because Burhan's motion did not describe Daye's alleged testimony with sufficient specificity, an evidentiary hearing was not warranted for this claim.

Finally, Burhan alleged that Dunwood "would have testified of [sic] being Burhan's martial art's [sic] instructor and how Burhan has 20 years experience." "Dunwood could demonstrate how a gun can be taken or wrestled from an aggressor's hand" and "this will corroborate Burhan's version of what happened on August 5, 2014." As noted by the State in its brief, "[t]he fact that Burhan is trained in martial arts in no way suggests that he did not rob and assault Albrecht." Brief for appellee at 19. Trial counsel's alleged failure to call Dunwood as a witness in no way undermines the outcome of the trial and Burhan cannot show prejudice.

Burhan also alleged that trial counsel should have called "witnesses" (such as staff) from the casinos Albrecht claimed to have frequented. However, Burhan failed to specifically identify who trial counsel should have called as witnesses or how their testimony would have benefitted his case. See *State v. Privett*, 303 Neb. 404, 929 N.W.2d 505 (2019) (in postconviction motion, allegation that defense counsel was ineffective in failing to procure witnesses favorable to defendant was properly dismissed without evidentiary hearing where motion did not specifically identify witnesses or nature of their testimony).

## VI. CONCLUSION

For the reasons stated above, we affirm the decision of the district court denying Burhan's motion for postconviction relief without an evidentiary hearing.

AFFIRMED.