IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. LABRILLO


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

ANTHONY J. LABRILLO, APPELLANT.


Filed October 1, 2024.    No. A-23-1051.


Appeal from the District Court for Lancaster County: LORI A. MARET, Judge. Affirmed.

Sanford J. Pollack, of Pollack & Ball, L.L.C., for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.


MOORE, ARTERBURN, and WELCH, Judges.

ARTERBURN, Judge.

## I. INTRODUCTION

Anthony J. Labrillo appeals his plea-based conviction for child enticement with an electronic communication device. On appeal, Labrillo contends that the district court erred in imposing an excessive sentence. He also asserts that he received ineffective assistance of trial counsel. Upon our review, we affirm Labrillo's conviction and sentence, and we find no merit to Labrillo's claims of ineffective assistance of counsel.

## II. BACKGROUND

On June 22, 2022, the State filed an information in the district court for Lancaster County charging Labrillo with three counts: (1) child enticement with an electronic communication device, a Class ID felony; (2) child abuse, a Class IIIA felony; and (3) violation of a protection order, a Class I misdemeanor. In a separate but related case, Labrillo was charged with drug offenses and possession of a weapon by a prohibited person. The two cases arose from a February 26, 2022,

police investigation concerning a missing minor, S.L., who is Labrillo's niece. The police "pinged" S.L.'s phone to determine her location, and she was found with Labrillo in his vehicle.

Labrillo was arrested for being in contact with S.L. in violation of a protection order. The search incident to arrest produced suspected narcotics and weapons that Labrillo was prohibited from possessing. The search also led to the discovery of two phones belonging to S.L. and five phones, one tablet, and one laptop belonging to Labrillo. The State obtained written consent to search S.L.'s phones and a search warrant to search Labrillo's electronic devices.

On October 17, 2022, Labrillo filed a motion to suppress the use of all statements and evidence obtained by law enforcement. In response, the State filed a motion requesting that the court order Labrillo to make the contents of his "boilerplate" motion more definite and certain. After holding a hearing on the matter, the court sustained the State's motion.

Labrillo filed an amended motion to suppress on February 1, 2023. In the amended motion, Labrillo alleged that the "pinging" of S.L.'s phone and all information obtained from her phone violated his constitutional rights. Labrillo asserted that he had a reasonable expectation of privacy in S.L.'s phone and in his own location. Labrillo also argued that all evidence seized from his own electronic devices should be suppressed because the search warrants were overly broad and lacked probable cause.

A hearing on Labrillo's amended motion to suppress was held on February 13, 2023. Labrillo's trial counsel made several arguments that the information retrieved from S.L.'s phone should have been suppressed. First, counsel argued that the "pinging" of S.L.'s phone was a bad faith and pretextual search because the police had no valid reason to "ping" S.L.'s phone. Counsel argued that the "pinging" was based on prior cases involving Labrillo that were ultimately dismissed. Labrillo's counsel also argued that Labrillo had a standing interest in his own location which was violated when the police "pinged" S.L.'s phone and discovered Labrillo's location. Finally, Labrillo's counsel argued that Labrillo had a possessory interest in S.L.'s phone because the police officers found the phone in his vehicle.

Labrillo's counsel also pointed out that the messages between Labrillo and S.L. found in S.L.'s phone were sent through an app using "end-to-end encryption." Counsel argued that this type of communication differed from text messages and had a higher level of privacy interest attached to it. In response, the State argued that Labrillo had no standing to suppress any evidence gathered from S.L.'s phone because he had no expectation of privacy in someone else's phone.

At the conclusion of the evidence, the court asked the parties to brief their arguments and took the matter under advisement. On March 30, 2023, the court issued an order overruling Labrillo's motion to suppress in its entirety.

In October 2023, the parties reached a plea agreement. Pursuant to the agreement, the State filed an amended information charging Labrillo with one count of child enticement with an electronic communication device. The agreement indicated that Labrillo would plead guilty or no contest to the single charge contained in the amended information. In exchange, all other charges in the present case would be dismissed, the State agreed not to file any additional charges arising from the interactions between Labrillo and S.L. up until the time of Labrillo's arrest, and Labrillo's separate yet related criminal case containing drug and weapon charges would be dismissed.

A plea hearing was held on October 23, 2023. At the hearing, Labrillo pled guilty to child enticement with an electronic communication device. Labrillo confirmed that he understood his

rights and was freely and voluntarily waiving them. He also confirmed that he understood the nature and consequences of pleading guilty to child enticement and that the applicable sentencing range included a mandatory minimum of 3 years and a maximum of 50 years' incarceration. He acknowledged that within the sentencing limits determined by the statute, the appropriate sentence was determined by the court. Labrillo indicated that he had enough time to discuss his case with counsel, that he had discussed all possible defenses with his trial counsel, and that he was satisfied with her performance. He felt that his counsel was competent.

The State provided the following factual basis for Labrillo's plea. On February 26, 2022, Labrillo was found in his vehicle with S.L., a minor child. Pursuant to a protection order, Labrillo was prohibited from being in contact with S.L. Labrillo was arrested and a search of his person and vehicle incident to arrest produced suspected narcotics and weapons that he was prohibited from possessing.

S.L. and S.L.'s mother identified two phones in Labrillo's car that belonged to S.L. S.L.'s mother provided written consent to have each phone searched by the Lincoln Police Department. Investigators conducted a forensic download of the phones and discovered communications between S.L. and Labrillo on a messaging system called WhatsApp. In these communications, S.L. referred to Labrillo as "Anth" and "uncle." S.L. and Labrillo also exchanged identifying photographs in these messages.

Sexual communications between S.L. and Labrillo began on February 1, 2022. Labrillo asked S.L. for nude photos multiple times. The parties also discussed past sexual encounters with each other, and Labrillo detailed what he wanted to do sexually with S.L. In response, S.L. indicated that she was unsure whether she wanted to continue engaging in this type of behavior with Labrillo.

The court found that there was a sufficient factual basis to support the charge in the amended information. The court accepted Labrillo's plea and found him guilty of child enticement with an electronic communication device. The court scheduled a sentencing hearing and ordered a presentence investigation report (PSR).

Sentencing was held on November 27, 2023. The court stated that it had received and reviewed the PSR which included an additional case information report from the Lincoln Police Department and several victim impact statements from S.L. and S.L.'s family members and friends. Labrillo's counsel objected to the additional case report as well as the impact statements from S.L.'s family and friends. The court overruled the objection.

The court then considered arguments for sentencing. Labrillo's counsel requested that when determining Labrillo's sentence, the court consider that Labrillo took close to 30 classes while incarcerated and awaiting sentencing. Counsel also requested that the court consider Labrillo's struggle with drug addiction, Labrillo's attendance at substance abuse treatment while incarcerated, and his plan to continue treatment when released. The court asked Labrillo if he would like to make any additional comments regarding sentencing, and he declined to do so.

The State responded that Labrillo's drug addiction had very little to do with his actions in this case. The State argued that based on the police reports and the victim impact statements, Labrillo had been harming S.L. for years. The State pointed out that Labrillo was 30 years older than S.L. and given his very high risk to reoffend as determined by the Level of Service Case Management Inventory (LS/CMI), his targeting of S.L. was particularly concerning. The State

further emphasized that in S.L.'s victim impact statement, she indicated that Labrillo gave her drugs and raped her. The other victim impact statements indicated that because of Labrillo's actions, S.L. had problems at school and struggled to eat. However, when Labrillo was incarcerated, S.L. "bounced back." The State concluded that because Labrillo had a history of violating protection orders, a lengthy incarceration was necessary to keep S.L. and the community safe.

After the matter was submitted, the court indicated that it had considered all the information contained in the PSR as well as the arguments presented by counsel. The court found that this was "a very disturbing case" and acknowledged that Labrillo received a "very generous" plea offer from the State. Based on his testing scores contained in the PSR, the court also found that Labrillo had a high likelihood of reoffense.

After considering the nature and circumstances of the crime, as well as Labrillo's history, character, and condition, the court found that imprisonment was necessary for the protection of the public. The court determined that there was a substantial risk that during any period of probation, Labrillo would engage in additional criminal conduct and that a lesser offense would depreciate the seriousness of the crime and promote disrespect for the law. The court sentenced Labrillo to 45 to 50 years' imprisonment. Labrillo was given credit for 635 days served.

Labrillo appeals.

## III. ASSIGNMENTS OF ERROR

Labrillo, represented by a different attorney than the one who represented him in the district court, assigns and argues three errors on appeal. First, he asserts that the district court erred in imposing an excessive sentence. Second, he asserts that he received ineffective assistance of trial counsel when counsel failed to adequately prepare for and argue his motion to suppress. Finally, he asserts that he received ineffective assistance of trial counsel when counsel failed to adequately argue for leniency at sentencing.

## IV. STANDARD OF REVIEW

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Dejaynes-Beaman*, 317 Neb. 131, 8 N.W.3d 779 (2024). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Zitterkopf*, 317 Neb. 312, 9 N.W.3d 896 (2024). In reviewing a claim of ineffective assistance of trial counsel on direct appeal, an appellate court determines as a matter of law whether the record conclusively shows that (1) prior defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by defense counsel's alleged deficient performance. *Id.*

- 4 -

## V. ANALYSIS

### 1. EXCESSIVE SENTENCE CLAIM

Labrillo asserts that the district court imposed an excessive sentence. He specifically argues that his sentence of 45 to 50 years' imprisonment does not reflect his childhood trauma, his struggle with substance abuse, or his efforts of self-improvement while imprisoned.

Labrillo pled guilty to and was convicted of child enticement with an electronic communication device, a Class ID felony. Neb. Rev. Stat. § 28-320.02 (Reissue 2016). A Class ID felony is punishable by a maximum sentence of 50 years' imprisonment and a mandatory minimum of 3 years' imprisonment. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). Labrillo's sentence of 45 to 50 years' imprisonment is within the statutory range.

Because Labrillo's sentence is within statutory limits, we review his sentence for an abuse of discretion only. Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Dejaynes-Beaman, supra*. In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Upon our review, we find no abuse of discretion in the district court's sentencing determination. The court reviewed the entirety of the PSR and considered the nature and circumstances of Labrillo's crime as well as Labrillo's history, character, and condition. The court specifically noted that this was "a very disturbing case" and that Labrillo's test scores indicated that he had a high likelihood of reoffense.

The district court further noted, as do we, that Labrillo received a significant benefit from his plea agreement. In addition to the State dismissing a Class IIIA felony and a Class I misdemeanor in this case, the State also agreed to dismiss the charges filed against Labrillo in a separate criminal case. Further, the State agreed not to file any additional charges against Labrillo arising from the interactions between Labrillo and S.L. up until the time of Labrillo's arrest.

Labrillo's communications with S.L. were extremely inappropriate and without excuse. Evidence included in the PSR demonstrated that the actions for which Labrillo was convicted occurred in the context of an inappropriate relationship he maintained with S.L. over a period of years. His actions against S.L. included providing her controlled substances, sexually abusing her, and photographing her during sexual encounters. S.L.'s description of the negative impact Labrillo has had on her life is extremely serious and concerning.

Labrillo has a long criminal record dating back to 1993. Past convictions include crimes related to possession and distribution of controlled substances, assault, obstruction and making false statements to law enforcement officers, theft, child neglect, illegal possession of firearms, and failing to appear for court hearings. Labrillo scored at high or very high risk on every factor

on the LS/CMI and in the moderate-high to high risk categories on instruments assessing his likelihood to recidivate sexually and/or violently. Considering these facts and all other relevant sentencing factors and applicable law, we conclude that the sentence imposed by the district court was not excessive.

### 2. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

On appeal, Labrillo contends that he was denied the right to effective assistance of trial counsel in two respects. Before we reach the merits of each claim, we provide a brief background on ineffective assistance of counsel claims.

On direct appeal, Labrillo has new counsel. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024).

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *Id.* When a claim of ineffective assistance of counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id.*

Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id.* The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id.*

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Zitterkopf*, 317 Neb. 312, 9 N.W.3d 896 (2024). To show that counsel's performance was deficient, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* When a conviction is based upon a guilty plea, the prejudice requirement is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *State v. Privett*, 303 Neb. 404, 929 N.W.2d 505 (2019).

### (a) Claim That Trial Counsel Failed to Adequately Prepare for and Argue Motion to Suppress

Labrillo contends that his trial counsel was ineffective for failing to adequately prepare for and argue his motion to suppress. Specifically, he argues that trial counsel filed a boilerplate motion to suppress, that counsel focused too much on the argument that the cell phone searches were pretextual and done in bad faith, and that counsel did not sufficiently focus on Labrillo's three strongest arguments for suppression. Labrillo asserts that those three arguments were that

law enforcement violated his privacy interest in: (1) his own location; (2) the cell phones found in his vehicle; and (3) messages sent using end-to-end encryption. Labrillo asserts that trial counsel's initial focus on the bad faith argument overshadowed his three stronger arguments and predisposed the court to deny his motion to suppress in its entirety.

When considering whether trial counsel's performance was deficient, there is a strong presumption that counsel acted reasonably. *State v. Nesbitt*, 279 Neb. 355, 777 N.W.2d 821 (2010). Furthermore, trial counsel is afforded due deference to formulate trial strategy and tactics. *Id.* When reviewing a claim of ineffective assistance of counsel, an appellate court will not second-guess reasonable strategic decisions by counsel. *Id.* That a calculated trial tactic or strategy fails to work out as planned will not establish that counsel was ineffective. *State v. Iromuanya*, 282 Neb. 798, 806 N.W.2d 404 (2011).

We find that the record is sufficient to address this assignment of error. Labrillo has failed to demonstrate that his trial counsel's actions regarding the motion to suppress were deficient. First, assuming that Labrillo is correct in labeling the first motion to suppress as a boilerplate motion, this issue was remedied when trial counsel filed an amended motion to suppress. The amended motion expanded upon the evidence Labrillo sought to suppress in the original motion and more succinctly stated the specific reasons why suppression should occur. The hearing on Labrillo's motion focused on the arguments counsel made in the amended filing. The record clearly shows that the court considered the specific arguments made in the amended motion and requested that those arguments be briefed. Thus, Labrillo cannot show that he was prejudiced by the original filing.

Labrillo also claims that he received ineffective assistance of counsel because of his trial counsel's decision to lead with and emphasize the pretext and bad faith arguments over what Labrillo now deems on appeal were three stronger arguments. This claim is also without merit. At the outset, we hesitate to adopt Labrillo's description of his trial counsel's arguments. But even if we agreed with Labrillo's description, we would still find he has not proven that his counsel's performance was deficient.

We need not assess whether trial counsel's decision to lead with and emphasize the pretext and bad faith arguments was the most reasonable, strategic decision given that the record clearly demonstrates, and Labrillo admits in his brief on appeal, that his trial counsel raised each of the three "stronger" arguments to the district court as well. Specifically, the brief submitted by trial counsel argued all three issues Labrillo now claims were not sufficiently emphasized. Labrillo provides us with no evidence, and we can find none, that suggests that the district court did not carefully consider each argument.

We recognize that prior to the evidentiary portion of the suppression hearing, the district court improvidently indicated its view that Labrillo appeared to lack standing to assert his arguments with respect to the search of S.L.'s cell phones. These comments could indicate that the court was predisposed to deny his motion to suppress in its entirety. However, at the close of the evidence, the court requested a brief from Labrillo's trial counsel, indicating that it was seriously considering each argument made by counsel but wished to have the issues briefed to aid the court in understanding the exact nature of the arguments being made.

The arguments now proffered by Labrillo were made and were rejected by the district court. Thus, we cannot find that trial counsel's representation of Labrillo could have been deficient.

Moreover, we can find no error in the district court's decision to reject the very arguments that Labrillo now proffers. The record affirmatively demonstrates that it is impossible for Labrillo to demonstrate that he was prejudiced by trial counsel's representation with respect to the motion to suppress. For these reasons, Labrillo's first claim of ineffective assistance of counsel fails.

### (b) Claim That Trial Counsel Failed to Adequately Argue for Leniency at Sentencing

Labrillo contends that his trial counsel was ineffective for failing to adequately argue for leniency at sentencing. He asserts that his trial counsel made a cursory argument that vaguely referenced the classes he took while incarcerated, his struggles with substance abuse and its effect on his criminal background, and his desire to attend substance abuse treatment. Labrillo also asserts that trial counsel failed to reference Labrillo's apology which was included in the PSR. Labrillo argues that this constituted deficient performance that prejudiced his opportunity to receive a lower sentence.

We find that the record is sufficient to address this error and that Labrillo cannot, as a matter of law, establish prejudice for the same reasons we found that Labrillo's sentence was not excessive. As stated above, Labrillo's sentence was within the statutory range and was not an abuse of discretion. Labrillo was the beneficiary of a very generous plea agreement that substantially reduced his potential prison time. The charge to which Labrillo entered his plea arose in the context of the years of sexual abuse that Labrillo subjected S.L. to. His actions toward her were extremely injurious, destructive, and offensive. Labrillo's criminal history is lengthy. Labrillo's test scores indicate that he is at a high risk for recidivism and at a moderate to high risk for repeating sexual and/or violent crimes. When considering all these factors, Labrillo has failed to establish prejudice as it relates to his sentence.

Additionally, the district court indicated that it had reviewed and considered the PSR, which included detailed information on Labrillo's substance abuse, his criminal background, his desire to seek treatment for his substance abuse, and his apology for his prior actions. Thus, the court was cognizant of all the information Labrillo alleges his trial counsel failed to adequately discuss at sentencing. Accordingly, this assignment is without merit.

### VI. CONCLUSION

For the reasons stated herein, we affirm Labrillo's conviction and sentence. We also find no merit to Labrillo's claims of ineffective assistance of trial counsel.

AFFIRMED.