Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/28/2021 08:10 AM CDT

State of Nebraska, appellee, v.
Patrick J. Combs, appellant.
___ N.W.2d ___

Filed March 5, 2021.    No. S-20-335.

1. **Effectiveness of Counsel: Appeal and Error.** Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact. When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision.

2. **Postconviction: Evidence.** In an evidentiary hearing on a motion for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in the evidence and questions of fact.

3. **Postconviction: Constitutional Law.** Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable.

4. **Postconviction: Effectiveness of Counsel: Appeal and Error.** To establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case.

5. **Postconviction: Effectiveness of Counsel: Presumptions: Appeal and Error.** After a trial, conviction, and sentencing, if counsel deficiently fails to file or perfect an appeal after being so directed by the criminal defendant, prejudice will be presumed and counsel will be deemed ineffective, thus entitling the defendant to postconviction relief.

6. **Effectiveness of Counsel: Appeal and Error.** Where the defendant has provided specific instructions to his or her counsel to file a notice of appeal, counsel's failure to follow those instructions is deficient performance. On the other hand, where the defendant has explicitly instructed his or her counsel not to file an appeal, the defendant cannot later complain that, by following his or her instructions, counsel performed deficiently.

7. **Effectiveness of Counsel: Intent: Appeal and Error.** Where the defendant has not conveyed his or her intent with respect to an appeal either way, it must first be determined whether trial counsel consulted with the defendant about the appeal before a determination can be made about deficient performance.

8. **Effectiveness of Counsel: Appeal and Error: Words and Phrases.** In the context of a claim of ineffectiveness of counsel, the term "consult" means advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes.

9. **Effectiveness of Counsel: Appeal and Error.** If counsel has consulted with the defendant, then counsel performed deficiently only by failing to follow the defendant's express instructions regarding an appeal.

Appeal from the District Court for Lancaster County: Robert R. Otte, Judge. Affirmed.

Candice C. Wooster, of Brennan & Nielsen Law Offices, P.C., for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, and Funke, JJ.

Heavican, C.J.

## INTRODUCTION

Patrick J. Combs appeals from the district court's denial, following an evidentiary hearing, of his motion seeking postconviction relief. In that motion, Combs alleged that his counsel was ineffective for failing to file a direct appeal when directed to do so. We affirm.

## BACKGROUND

Combs was convicted in March 2018 for one count of theft by unlawful taking, one count of attempted theft by unlawful taking, and one count of abuse of a vulnerable adult. On May 14, he was sentenced to 5 years' probation. No direct appeal was filed.

Combs subsequently filed a motion seeking postconviction relief, alleging that his trial counsel was ineffective for failing to file an appeal. An evidentiary hearing was held on Combs' motion on the question of whether counsel was ineffective for failing to file an appeal. At that hearing, depositions of both Combs and his trial counsel, Robert Creager, were offered into evidence. Those depositions reveal the following timeline relevant to the issues raised by Combs' postconviction motion.

On May 15, 2018, Creager emailed a billing statement to Combs. In his email, Creager stated that "[w]ith 20K still in trust, the balance due would be around $16k. I would accept a $5k discount if we do the appeal for a flat fee of $10k. The [$]5k would be payable now, and the $10K would be payable when the Appellant's brief date is set."

On May 29, 2018, Combs emailed Creager, indicating that he was "inclined to pursue an appeal," but that his wife had reservations. Combs then asked several questions relating to the appeal. Combs ended the email by stating that "[w]e are sending you $5000 this week. Our schedule is pretty hectic this week[,] and we will be out of town next week[,] so coming down to your office might be tough, but we can certainly talk by phone when you are available."

Combs and Creager agree that they spoke on June 8, 2018. Combs testified that during the conversation, he told Creager that he wanted to appeal. Combs indicated in his deposition that after telling Creager to appeal, he and his wife "celebrated" that decision.

Conversely, Creager testified that he received no direction to appeal during that call, but simply answered more

questions regarding the appeal process, including informing Combs that he could file the appeal and later withdraw it if he no longer wanted to pursue the appeal. Creager alleges that he ended the conversation by asking Combs to let him know by the following Monday, June 11, 2018, whether he wanted to appeal and that he, Creager, checked his email and phone messages multiple times on that Monday to ensure he did not miss a message from Combs. Receiving none, Creager did not file an appeal.

A check for $5,000 was apparently received by the bookkeeper at Creager's law firm on June 11, 2018, though Creager testified that he had no personal knowledge of its receipt. Neither the check, nor a copy of the canceled check, is part of our record.

Combs contacted Creager on June 14, 2018, the day after the appeal deadline had passed, to ask whether the appeal had been filed. Combs subsequently filed this postconviction motion.

Following the hearing, the district court denied the motion for postconviction relief. In so doing, it made findings of fact that it believed Creager's testimony over Combs' testimony, both because it found Creager more credible than Combs and because Combs' wife offered no testimony corroborating Combs' assertion that she was aware Creager had been directed to file an appeal. The district court further rejected Combs' claim that Creager had an obligation to confirm his belief that Combs did not want to pursue an appeal. It found that the payment of $5,000, particularly on the facts presented, did not support an express direction to Creager that an appeal should be filed on Combs' behalf.

Combs appeals.

## ASSIGNMENT OF ERROR

On appeal, Combs assigns three assignments of error that can be consolidated as one: The district court erred in finding that counsel was not ineffective by failing to file a direct appeal.

## STANDARD OF REVIEW

[1,2] Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact.[1] When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error.[2] With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*,[3] an appellate court reviews such legal determinations independently of the lower court's decision.[4] In an evidentiary hearing on a motion for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in the evidence and questions of fact.[5]

## ANALYSIS

Combs assigns that the district court erred in not finding that his counsel was ineffective for failing to file a direct appeal. He makes three arguments in support of this conclusion: (1) that counsel erred in not filing an appeal when he was requested to do so, (2) that counsel erred in not following up with Combs regarding the filing of an appeal, and (3) that counsel erred in failing to appeal even after receiving payment for such an appeal.

[3-5] Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable.[6] To establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland*,[7] to show that counsel's

---

[1] *State v. Dalton*, 307 Neb. 465, 949 N.W.2d 752 (2020).

[2] *Id.*

[3] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[4] *State v. Dalton, supra* note 1.

[5] *Id.*

[6] *Id.*

[7] *Strickland v. Washington, supra* note 3.

performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case.[8] After a trial, conviction, and sentencing, if counsel deficiently fails to file or perfect an appeal after being so directed by the criminal defendant, prejudice will be presumed and counsel will be deemed ineffective, thus entitling the defendant to postconviction relief.[9]

[6] Where the defendant has provided specific instructions to his or her counsel to file a notice of appeal, counsel's failure to follow those instructions is deficient performance.[10] On the other hand, where the defendant has explicitly instructed his or her counsel not to file an appeal, the defendant cannot later complain that, by following his or her instructions, counsel performed deficiently.[11]

[7-9] Where the defendant has not conveyed his or her intent with respect to an appeal either way, it must first be determined whether trial counsel consulted with the defendant about the appeal before a determination can be made about deficient performance.[12] In this context, the term "consult" means advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes.[13] If counsel has consulted with the defendant, then counsel performed deficiently only by failing to follow the defendant's "express instructions" regarding an appeal.[14]

---

[8] *State v. Dalton, supra* note 1.

[9] *Id.*

[10] See *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000).

[11] See *id.*

[12] See *id.*

[13] *Id.*

[14] See *id.*, 528 U.S. at 478.

*Failing to File Appeal Upon
Request to Do So.*

Combs first asserts that he instructed Creager to file an appeal during their telephone conversation on June 8, 2018, and that Creager was ineffective for failing to do so.

In an evidentiary hearing for postconviction relief, the post-conviction trial judge, as the trier of fact, resolves conflicts in the evidence and questions of fact, including witness credibility and the weight to be given a witness' testimony.[15] And when reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error.[16]

Combs and Creager are in agreement that they spoke about a possible appeal on June 8, 2018. Their testimonies differ in that Combs testified he told Creager he wanted to appeal, while Creager testified that Combs said he still needed to talk with his wife about it.

The record demonstrates there was a conflict between Combs' testimony that he directed Creager to appeal and Creager's testimony that he received no such direction. In this instance, the district court explicitly found Creager's testimony to be more credible.

Having reviewed the record, and given deference to the district court's findings of fact, we find no clear error in the court's findings. Creager was not deficient in failing to file an appeal that the district court determined Creager was not directed to file. Combs' argument to the contrary is without merit.

*Failing to Follow Up Regarding
Filing of Appeal.*

Combs next argues that Creager was ineffective in failing to follow up with him regarding whether he wished to file an appeal.

---

[15] *State v. Dalton, supra* note 1.

[16] *Id.*

We addressed similar facts in *State v. Dalton*.[17] There, the defendant argued that his counsel was ineffective, not only by failing to file a direct appeal, but also by failing to obtain an "explicit directive" from defendant regarding an appeal.[18] We rejected such a burden on trial counsel, noting that "[i]t is simply not under defense counsel's power to force a client to provide an explicit response to inquiries regarding the client's right to appeal."[19]

Here, Combs argues that Creager should have followed up with him between June 8 and 13, 2018, to determine whether Combs wanted to appeal. The record shows that Combs and Creager had multiple conversations, even prior to his sentencing, regarding a possible appeal and that Combs kept putting off the decision, asking more questions, and indicating that his wife needed to be convinced. The district court found as credible Creager's testimony that because the deadline was approaching, he told Combs to let him know by June 11 if he wanted to file an appeal.

These facts show the difficulty with placing such a burden on defense counsel. As we recognized in *Dalton*, it is not within counsel's power to force a defendant to give an explicit response on the issue of an appeal.[20] U.S. Supreme Court case law explains that the failure to file an appeal after one is requested is deficient conduct and that the failure to file an appeal after being told the defendant did not wish to appeal is not deficient conduct.[21] In such instances where no direction is given, as is the situation presented here, counsel must consult with the defendant as to the topic of an appeal, which includes "advising the defendant about the advantages and

---

[17] *Id.*

[18] *Id.* at 472, 949 N.W.2d at 758.

[19] *Id.*

[20] *State v. Dalton, supra* note 1.

[21] See *Roe v. Flores-Ortega, supra* note 10.

disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes."[22]

In this case, there is no dispute that Creager consulted with Combs about Combs' right to appeal and that Combs was to contact Creager in order to ensure that an appeal was filed. It was Combs' responsibility to request that Creager file an appeal. As we noted above, the district court found that Combs made no such request.

There is no merit to Combs' argument that Creager was deficient in failing to follow up with Combs with respect to the filing of an appeal.

*Failing to Appeal After Receipt of Payment for Appeal.*

Finally, Combs argues that Creager had notice Combs wished to file an appeal, because Combs paid $5,000 for an appeal, and that the failure to file the appeal after accepting payment was deficient performance.

As an initial matter, despite Combs' assertion to the contrary, the record is not clear that the $5,000 paid by Combs was for payment of an appeal. The emails between Combs and Creager regarding payment are not clear in stating that $5,000 was due for the filing of a notice of appeal. A copy of the check is not part of the record such that it might indicate on its face that the check was for an appeal.

Moreover, Combs indicated in a May 29, 2018, email that he would be sending a check for $5,000. But by his own testimony, Combs did not inform Creager until June 8 that he wished to appeal. Given this evidence and our standard of review, the trial court's finding of facts regarding the $5,000 payment are not clear error.

The record establishes that Creager consulted with Combs about the appeal. In such an instance, only the failure to comply with the "express instructions" given by Combs would

---

[22] *Id.*, 528 U.S. at 478.

constitute deficient conduct.[23] The payment of $5,000, particularly under the facts as noted above, did not qualify as an express instruction.

Creager was not deficient in failing to file a direct appeal based upon the payment of $5,000 by Combs. Combs' final argument is without merit.

## CONCLUSION

The order of the district court dismissing Combs' motion for postconviction relief is affirmed.

Affirmed.

Papik and Freudenberg, JJ., not participating.

---

[23] See *id.*