IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. LOVE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DAQUAN D. LOVE, APPELLANT.

Filed January 25, 2022.    No. A-21-363.

Appeal from the District Court for Lancaster County: DARLA S. IDEUS, Judge. Affirmed.

Daquan D. Love, pro se.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.

MOORE, ARTERBURN, and WELCH, Judges.

MOORE, Judge.

## I. INTRODUCTION

Daquan D. Love appeals from the order of the district court for Lancaster County denying his motion for postconviction relief without an evidentiary hearing. Based on the reasons that follow, we affirm.

## II. STATEMENT OF FACTS

### 1. PLEA AND DIRECT APPEAL

On October 11, 2019, the State filed an information charging Love with first degree assault pursuant to Neb. Rev. Stat. § 28-308 (Reissue 2016), a Class II felony; use of a firearm to commit a felony pursuant to Neb. Rev. Stat. § 28-1205(1)(c) (Reissue 2016), a Class IC felony; and possession of a firearm by a prohibited person pursuant to Neb. Rev. Stat. § 28-1206(1) and (3)(b) (Reissue 2016), a Class ID felony.

- 1 -

On February 6, 2020, Love pled no contest to an amended information charging him with second degree assault pursuant to Neb. Rev. Stat. § 28-309 (Reissue 2016), a Class IIA felony; and attempted possession of a firearm by a prohibited person pursuant to § 28-1206(3)(b) and Neb. Rev. Stat. § 28-201(4)(a) (Cum. Supp. 2020), a Class II felony. According to the factual basis provided by the State, in August 2019, Lincoln Police Department officers were dispatched to investigate a shooting. Upon arrival at the scene, officers found a man on the ground with multiple gunshot wounds in his abdomen and left arm. The man survived his injuries, but required surgery to repair extensive damage to his internal organs. While being interviewed by officers, the man identified Love as the shooter from a photograph provided by an "unidentified female" in his hospital room. This photograph of Love also matched the description provided to officers by several witnesses of the shooting. Officers obtained an arrest warrant for Love and, after placing him under arrest, located a firearm on Love's person. The firearm had six bullets in the magazine but none in the chamber. Love had two felony convictions prior to his August 2019 arrest.

During the course of the plea hearing, the following exchange occurred between the district court and Love:

> THE COURT: Have you discussed these charges and all possible defenses with [Love's trial counsel]?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And has he explained to you what the State would need to prove beyond a reasonable doubt in order to convict you of assault in the second degree and attempted possession of a firearm by a prohibited person?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Sir, have you told him everything you know about your case?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Is there anything that could help you that you have not told him for whatever reason?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: Are you satisfied with the job he has done?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Is there anything you asked him to do that he failed or refused to do?
>
> THE DEFENDANT: No, Your Honor.

The district court found Love had entered his plea "freely, voluntarily, knowingly, and intelligently." The court accepted Love's pleas and found him guilty on both counts. The court ordered a presentence investigation report.

On March 19, 2020, the district court sentenced Love to 15 to 20 years' imprisonment on each count. The two sentences were ordered to run consecutively, and Love was given 204 days' credit for time served.

In his direct appeal, Love, still represented by his trial counsel, assigned that the district court abused its discretion by imposing excessive sentences. This court summarily affirmed the district court's judgment in case No. A-20-265 on June 15, 2020. Love did not petition the Nebraska Supreme Court for further review.

### 2. Motion for Postconviction Relief

On December 11, 2020, Love filed a pro se motion for postconviction relief. Love's motion first claimed that he received ineffective assistance trial counsel because counsel failed to (1) investigate all possible defenses, (2) investigate the credibility of witnesses, and (3) properly communicate with Love. Love also alleged that there was insufficient evidence to support his plea and that he was innocent of the offenses for which he was convicted.

### 3. Order of District Court

The district court entered an order on April 9, 2021, denying an evidentiary hearing and denying Love's motion for postconviction relief. With regard to the three specific allegations of ineffective assistance of counsel, the court found that these allegations were affirmatively refuted by the record and that, even if they weren't, Love was not entitled to an evidentiary hearing because he did not sufficiently allege prejudice. Because Love's sole assignment of error on direct appeal was that his sentences were excessive, the district court interpreted Love's arguments regarding insufficient evidence and his innocence to be that Love's counsel was ineffective for failing to challenge the sufficiency of evidence on direct appeal and for failing to obtain evidence that Love requested, which would have demonstrated Love's innocence. The court found that these allegations were affirmatively refuted by the record because the factual basis was sufficient to support his convictions and he failed to allege sufficient facts demonstrating his innocence.

Love appeals.

## III. ASSIGNMENTS OF ERROR

Love assigns, restated and consolidated, that the district court erred in denying his motion for postconviction relief without an evidentiary hearing.

## IV. STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Britt*, 310 Neb. 69, 963 N.W.2d 533 (2021).

Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact. *State v. Combs*, 308 Neb. 587, 955 N.W.2d 322 (2021). When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. *Id*. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision. *State v. Combs, supra*.

## V. ANALYSIS

### 1. Legal Framework

Before addressing Love's assigned errors, we set out the framework for analyzing an ineffective assistance of counsel claim on postconviction. In a postconviction proceeding, an evidentiary hearing is not required when (1) the motion does not contain factual allegations which,

if proved, constitute an infringement of the movant's constitutional rights, rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief. *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020). In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution. *State v. Parnell, supra*. In the absence of alleged facts that would render the judgment void or voidable, the proper course is to overrule a motion for postconviction relief without an evidentiary hearing. *Id*.

Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge. *State v. Privett*, 303 Neb. 404, 929 N.W.2d 505 (2019). Thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id*. In a postconviction proceeding brought by a defendant convicted because of a guilty plea or a plea of no contest, a court will consider an allegation that the plea was the result of ineffective assistance of counsel. *Id.*

A proper ineffective assistance of counsel claim alleges a violation of the fundamental constitutional right to a fair trial. *Id*. To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington, supra*, the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Parnell, supra*. To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020). To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. When a conviction is based upon a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading no contest. *Id*.

## 2. ALLEGED INEFFECTIVE ASSISTANCE OF COUNSEL

### (a) Failure to Investigate Possible Defenses

In his postconviction motion, Love alleged that his trial counsel rendered ineffective assistance for not providing Love with "any facts surrounding this crime, nor any possible defenses, restricting my decision making." Love argues in his brief on appeal that his trial counsel advised Love to enter a plea of no contest to "detour [Love] from trial and [his] day in court . . . ." Brief for appellant at 13.

We agree with the trial court that the record affirmatively refuted this allegation. At the plea hearing, Love confirmed that he discussed all possible defenses with his trial counsel. We further agree that Love's allegations in this regard were also insufficient to warrant an evidentiary hearing.

A petitioner's postconviction claims that his or her defense counsel was ineffective in failing to investigate possible defenses are too speculative to warrant relief if the petitioner fails to allege what exculpatory evidence the investigation would have procured and how it would have

affected the outcome of the case. *State v. Stricklin*, 300 Neb. 794, 916 N.W.2d 413 (2018). Here, Love's postconviction motion presents no allegations regarding what exculpatory evidence or specific defenses would have been available to him that his trial counsel failed to pursue. The district court correctly concluded that Love's conclusory allegations about the failure to investigate possible defenses did not warrant an evidentiary hearing.

### (b) Failure to Investigate Credibility of Witnesses

Love next asserts that his trial counsel rendered ineffective assistance for failing to investigate the credibility of witnesses whose reports to law enforcement led to Love's arrest. Love argues in his postconviction motion that "Eye witnesses changed their statement [sic]. They refused to cooperate, and they blatantly lied about their own identities." Love cites to police reports in which specific eye witnesses make inconsistent statements and acknowledge that they would be unable to identify the shooter with any degree of certainty. Love claims that the decision of his trial counsel to pursue a plea agreement rather than discredit witnesses through cross-examination was an unreasonable trial tactic.

While Love references specific witnesses in his postconviction motion, he does not identify which witnesses his trial counsel should have cross-examined, what testimony those witnesses would have provided, or how testimony elicited by his trial counsel's cross-examination would be exculpatory. Love has not shown how cross-examination of these witnesses by his trial counsel would have affected the outcome of the case. Thus, Love failed to show that he was prejudiced by his trial counsel's alleged failure to cross-examine witnesses. See *State v. Anderson, supra* (to show prejudice, defendant must demonstrate reasonable probability that but for counsel's deficient performance, result of proceeding would have been different). Again, the district court correctly concluded that Love's conclusory allegations about the failure to cross-examine witnesses did not warrant an evidentiary hearing. See *State v. Stricklin, supra*.

### (c) Failure to Properly Communicate With Love

Love finally asserts that his trial counsel rendered ineffective assistance for failing to properly communicate with him. Love argues in his postconviction motion that because his trial counsel did not discuss with him the evidence at issue in his case, Love's counsel made "any option in going to trial void, and every option in pleading no contest the goal."

We find the record demonstrates that trial counsel's performance was not deficient. At the plea hearing, Love stated to the court that he had told his counsel everything he knew about the case and that he was satisfied with his counsel's performance. Love additionally denied that there was anything that his counsel had refused to do upon Love's request. Because this allegation of ineffective assistance of counsel is affirmatively refuted by Love's assurances to the district court, this argument fails. See *State v. Barrera-Garrido*, 296 Neb. 647, 895 N.W.2d 661 (2017) (allegations of ineffective assistance which are affirmatively refuted by defendant's assurances at plea hearing do not constitute basis for postconviction relief).

For all of these reasons, Love is not entitled to an evidentiary hearing or relief based on the foregoing claims that his trial counsel was ineffective. The district court did not err in so concluding.

### 3. SUFFICIENCY OF EVIDENCE

Like the district court, we interpret Love's assertion that there was insufficient evidence to support his plea to be an argument that Love's counsel was ineffective for failing to challenge the sufficiency of the evidence on direct appeal. Love contends in his postconviction motion that the State "derived phantom elemental evidence . . . based on the formality of convoluted and uncorroborated witness statements, merely to obtain the present offense." Love also claims that no forensic evidence linked him to the crime scene and there were no "realistic possibilities" that the court could have found him guilty of second degree assault had he gone to trial.

To convict a defendant of second degree assault the State must prove by evidence beyond a reasonable doubt that the defendant knowingly and intentionally caused bodily injury to another with a dangerous instrument. See § 28-309. We have reviewed the record, including the State's factual basis, and we determine that the record in this case affirmatively shows that Love is entitled to no relief on his claim that there was insufficient evidence to support his conviction and that his trial counsel failed to present the issue for our consideration. Love has failed to suggest any facts which, if proved, constitute an infringement on his constitutional rights. See *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020).

The record shows that Love was not prejudiced by his counsel's failure to allege insufficient evidence on direct appeal, and therefore, the district court did not err when it denied relief on this claim without an evidentiary hearing.

### 4. CLAIM OF INNOCENCE

Again, like the district court, we interpret Love's claim of innocence to be an argument that his trial counsel was deficient for not obtaining the fingerprint, DNA, and ballistic testing that Love requested. Love argues in his postconviction motion that had such testing been acquired, it would have proven his innocence as "it would have shown the relevant merits in disassociating or rather associating elements of the above stated evidence."

As the Nebraska Supreme Court has held, the threshold to entitle a prisoner to an evidentiary hearing on a postconviction claim of actual innocence is extraordinarily high. See *State v. Stricklin*, 300 Neb. 794, 916 N.W.2d 413 (2018). Such a petitioner must make a strong demonstration of actual innocence because after a fair trial and conviction, the presumption of innocence vanishes. See *id.* Here, Love has failed to allege sufficient facts demonstrating that he is innocent of the offenses for which he pled no contest.

While Love asserts that his trial counsel ignored that his fingerprints or DNA were not found on another firearm located near the location of the shooting, Love does not provide any facts demonstrating how the absence of his fingerprints or DNA on the other firearm would have demonstrated his innocence. Love also argues that ballistic test results on the shell casing found at the scene would have acquitted him of his assault charges. Again, Love fails to allege sufficient facts how ballistic testing would have demonstrated his innocence. Although there is no forensic evidence linking Love to the scene of the shooting, Love's allegations fall well short of the extraordinarily high threshold showing of actual innocence which he would be required to make before a court could consider whether his continued incarceration would give rise to a constitutional claim.

Because Love has not alleged sufficient facts establishing how fingerprint, DNA, and ballistic testing would demonstrate his innocence, his trial counsel is not deficient for pursuing a plea agreement rather than obtaining the testing requested by Love. See *State v. Stricklin, supra* (reasonable strategic decision to present particular evidence, or not to present particular evidence, will not, without more, sustain finding of ineffective assistance of counsel; strategic decisions made by trial counsel will not be second-guessed so long as those decisions are reasonable). Love did not allege facts sufficient to necessitate an evidentiary hearing. We further note that the factual basis for the charges established that eyewitnesses identified Love as the shooter and officers found a gun on his person. Therefore, we determine that the district court did not err when it denied relief without an evidentiary hearing on his claim of innocence.

## VI. CONCLUSION

For the reasons set forth above, we affirm the district court's decision to deny Love's motion for postconviction relief without an evidentiary hearing.

AFFIRMED.