IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. BUFFINGTON


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

MELVIN R. BUFFINGTON, JR., APPELLANT.


Filed December 6, 2022.    No. A-22-190.


Appeal from the District Court for Douglas County: J RUSSELL DERR, Judge. Affirmed.

Kenneth F. Jacobs, of Hug and Jacobs, L.L.C., for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.


PIRTLE, Chief Judge, and ARTERBURN and WELCH, Judges.

PIRTLE, Chief Judge.

## INTRODUCTION

Melvin R. Buffington, Jr., appeals from the order of the district court for Douglas County, which denied his motion for postconviction relief after an evidentiary hearing limited to the issue of whether appellate counsel was ineffective in failing to raise trial counsel's ineffectiveness during the plea negotiation process. Based on the reasons that follow, we affirm.

## BACKGROUND

In October 2018, the State filed a third amended information charging Buffington with three counts of first degree sexual assault, each a Class II felony, and 20 counts of third degree sexual assault, each a Class I misdemeanor. The charges arose from Buffington, a massage therapist, sexually assaulting his female clients while giving them professional massages at his place of employment. On March 7, 2019, pursuant to a plea agreement, Buffington pled no contest

- 1 -

to two counts of attempted first degree sexual assault, both Class IIA felonies. The district court accepted the pleas and Buffington was found guilty of the two charges.

Prior to sentencing, Buffington filed a motion to withdraw his plea, and he was appointed new counsel. After a hearing on the matter, the district court denied his motion to withdraw. The court later sentenced Buffington to a term of 10 to 12 years' imprisonment on each of the two counts, to be served consecutively.

Buffington filed a direct appeal. He raised claims related to his motion to withdraw plea and excessive sentence, which this court rejected. He also asserted a general ineffective assistance of counsel claim, which we found was not properly before us. His convictions and sentences were affirmed. See *State v. Buffington*, No. A-19-546, 2020 WL 3251165 (Neb. App. June 16, 2020) (not designated for permanent publication).

Buffington filed a motion for postconviction relief on June 14, 2021, raising two claims of ineffective assistance of appellate counsel. The district court appointed counsel and granted an evidentiary hearing on Buffington's first claim which alleged that appellate counsel was ineffective for not assigning as error on direct appeal that trial counsel was ineffective in failing to relay information and provide reasonable advice in regard to the State's initial plea offer. The court dismissed Buffington's second ineffective assistance of counsel claim without an evidentiary hearing, and Buffington did not appeal from that order.

At a hearing on February 4, 2022, the defense submitted the depositions of Buffington's trial counsel, Mikki Jerabek, and of Buffington, in lieu of live testimony, which were received without objection. At the time this case was pending, Jerabek had been a public defender in Douglas County for nearly 25 years, and she had worked on felony cases for about 20 years, having handled over 50 sexual assault cases. She was assigned to represent Buffington on his felony charges, while another attorney from the Douglas County Public Defender's Office was assigned to handle the misdemeanor charges.

Jerabek testified that on October 2, 2018, the State filed a third amended information against Buffington, charging him with three counts of first degree sexual assault, and 20 counts of third degree sexual assault. She testified that on October 11, which was the day after the three felony victims were deposed, she received the State's first plea offer. The terms of the offer were that Buffington would plead to one count of first degree sexual assault, a Class II felony, and all the remaining counts would be dismissed. The offer also included the conditions that the State would include all three felony victims' names on the sole count, the factual basis would include each of the victims' names, and at sentencing all victims (including the misdemeanor victims) would be allowed to submit victim impact statements or be heard in court. The plea offer was set to expire on November 12, 2018. This initial plea offer was presented to Jerabek in an email sent from the prosecutor, which was offered as part of Jerabek's deposition.

Jerabek testified that, in her professional opinion, the initial plea offer was "ridiculous" in that Buffington would plead to one count but all three felony victims' names would be listed because it would appear as if he was pleading to all three counts of first degree sexual assault. Jerabek testified that the plea offer did not "sit well" with her or cocounsel. She stated that she would have felt differently if the State had offered to let Buffington plead to one count of first degree sexual assault, without all the victims' names being included and all the victims being allowed to submit impact statements.

Jerabek testified that regardless of her personal thoughts about the initial plea offer, she told Buffington about the offer. She testified that because the offer was made the day after the depositions were taken and she knew Buffington wanted to read the depositions, she did not present the offer to him until he had the opportunity to read them. After he did so, she and cocounsel went to see Buffington at the jail on November 9, 2018, and told him that the State had made a plea offer. Jerabek testified that Buffington's initial reaction was that he was not going to take a plea because he was innocent. Jerabek told Buffington she had an obligation to explain the offer to him. She then explained the entirety of the State's initial plea offer to Buffington, including the possible outcomes. She testified he was well aware that the offer was for him to plead to one count of first degree sexual assault, a Class II felony. She told Buffington that the offer was "ridiculous" in that three victims' names would appear on one count and all the victims would be allowed to make statements at sentencing. She denied telling him that he was not going to accept the offer. Rather, she testified that Buffington made it clear to her that he was not going to accept the State's offer.

Jerabek testified that the case moved forward and shortly before trial was to begin, plea negotiations started again in March 2019. Buffington asked Jerabek to make an offer whereby he would plead to one count of attempted first degree assault. The State rejected the offer and made its own counteroffer, which was that Buffington would plead to two counts of attempted first degree sexual assault, the offer Buffington ultimately accepted.

Jerabek testified that if Buffington had accepted the State's initial plea offer, he would have faced a sentencing range of 1 to 50 years' imprisonment, or probation. The State's later offer, which Buffington accepted, subjected him to a lower aggregate possible penalty of 0 to 40 years' imprisonment, or a term of probation. Jerabek testified that the plea offer Buffington accepted was a better offer than the State's initial plea offer.

In Buffington's deposition, he admitted that Jerabek and cocounsel came to the jail and informed him that the State had made an initial plea offer. However, he testified that Jerabek only told him that the offer was for him to plead to one felony count, but she never told him the specific offense to which he would plead. Buffington also asserted Jerabek told him he was not going to accept the offer because it was "ridiculous" because of the deadline the State put on it and because they had just got done with depositions.

Despite claiming to have no understanding of the State's initial plea offer, Buffington testified he would have "definitely" accepted the offer to plead to one felony count, even without knowing what the felony was, rather than plead to two counts of attempted first degree sexual assault because the charge could have been "negotiated."

On cross-examination, Buffington stated that he still did not know what the original plea offer was, other than it required him to plead to one felony. When Buffington was asked why he did not ask Jerabek any details about the initial plea offer, he stated because he was ignorant of the law and trusted Jerabek.

On March 2, 2022, the district court entered an order denying Buffington's motion for postconviction relief, finding that Buffington's recollection of the facts surrounding the State's plea offers was "less than credible," and concluding that his trial counsel did not perform deficiently.

## ASSIGNMENT OF ERROR

Buffington assigns that the district court erred in denying his motion for postconviction relief because trial counsel was ineffective during the plea negotiation process.

## STANDARD OF REVIEW

A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Hernandez*, 22 Neb. App. 62, 847 N.W.2d 111 (2014).

In an evidentiary hearing for postconviction relief, the postconviction trial judge, as the trier of fact, resolves conflicts in evidence and questions of fact, including witness credibility and the weight to be given a witness' testimony. *State v. Russell*, 308 Neb. 499, 954 N.W.2d 920 (2021).

Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact. *State v. Combs*, 308 Neb. 587, 955 N.W.2d 322 (2021). When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. *Id.* With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision. *State v. Combs, supra.*

## ANALYSIS

Buffington assigns that the district court erred in denying his motion for postconviction relief because his trial counsel was ineffective during the plea negotiation process. Buffington was represented by different counsel on direct appeal than he was during the plea negotiations. Ordinarily, when a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020). Otherwise, the issue will be procedurally barred. *Id.* A claim of ineffective assistance of appellate counsel which could not have been raised on direct appeal may be raised on postconviction review. *Id.*

Buffington's appellate counsel did not assert the issue of trial counsel's ineffectiveness in regard to plea negotiations on direct appeal. Because Buffington alleged in his motion for postconviction relief that appellate counsel was ineffective in not doing so, the issue was presented at Buffington's first opportunity and is not procedurally barred.

The right to effective assistance of counsel extends to the negotiation of a plea bargain, and claims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in *Strickland v. Washington, supra. State v. Alarcon-Chavez*, 295 Neb. 1014, 893 N.W.2d 706 (2017).

Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable. *State v. Combs, supra.* To establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington, supra*, to

- 4 -

show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Combs, supra.*

Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *Id.* The prejudice inquiry in cases involving plea agreements focuses upon whether counsel's ineffective performance affected the outcome of the plea process. *State v. Hernandez*, 22 Neb. App. 62, 847 N.W.2d 111 (2014). To show prejudice in the context of rejecting a plea offer, a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. *Lafler v. Cooper*, 566 U.S. 156, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012).

When a claim of ineffective assistance of appellate counsel is based on the failure to raise a claim on appeal of ineffective assistance of trial counsel (a layered claim of ineffective assistance of counsel), an appellate court will look at whether trial counsel was ineffective under the *Strickland* test. *State v. Parnell, supra.* If trial counsel was not ineffective, then the defendant was not prejudiced by appellate counsel's failure to raise the issue. *Id.* Much like claims of ineffective assistance of trial counsel, the defendant must show that *but for* counsel's failure to raise the claim, there is a reasonable probability that the outcome would have been different. *Id.* In determining whether trial counsel's performance was deficient, courts give counsel's acts a strong presumption of reasonableness. *Id.*

In his motion for postconviction relief, Buffington stated that his trial counsel was ineffective in failing to adequately relay and explain the State's initial plea offer to him and in failing to provide reasonable advice in regard to the offer. Buffington argues that Jerabek only told him that the State's initial offer was for Buffington to plead to one felony count and did not go into further details about the offer. Specifically, he alleges Jerabek did not tell him if the one count was attempted sexual assault or sexual assault. He further claims that Jerabek told him he was not going to take the plea offer because it was "ridiculous," and therefore, she rejected the offer for him.

Jerabek testified that she explained the entirety of the State's initial offer to Buffington, including the possible outcomes. She stated he was well aware that the offer was for him to plead to one count of first degree sexual assault, and she explained to him why she thought the offer was "ridiculous." She also testified that she did not tell him he was not going to take the offer. Rather, Buffington made it clear to her that he was not going to accept the State's offer.

After considering the deposition testimony of Buffington and Jerabek, the district court found Jerabek's testimony regarding the plea negotiations more credible than Buffington's testimony. We defer to the court's determination in that regard. See *State v. Russell*, 308 Neb. 499, 954 N.W.2d 920 (2021) (in evidentiary hearing for postconviction relief, postconviction trial judge, as trier of fact, resolves conflicts in evidence and questions of fact, including witness credibility and weight to be given witness' testimony).

Buffington also argues that Jerabek failed to timely communicate the initial plea offer. He contends that Jerabek told him of the offer shortly before the offer was set to expire and he did not

have sufficient time to consider it. However, as the State points out in its brief, this is a new claim that did not appear in his motion for postconviction relief and was not ruled on by the district court. An appellate court will not consider allegations not presented to the district court for disposition through the defendant's verified motion for postconviction relief or passed upon by the postconviction court. *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022). Accordingly, we do not consider Buffington's allegation that Jerabek failed to timely communicate the initial plea offer.

Based on the evidence presented at the evidentiary hearing, we agree with the district court that Jerabek's performance in regard to the plea negotiations was not deficient. The district court did not err in denying Buffington's motion for postconviction relief on that basis.

Given our finding regarding deficient performance, we do not need to address Buffington's arguments with respect to prejudice. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *State v. Connelly*, 307 Neb. 495, 949 N.W.2d 519 (2020).

Because Buffington's trial counsel was not ineffective in regard to plea negotiations, he was not prejudiced by appellate counsel's failure to raise this issue. See *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020).

CONCLUSION

We affirm the district court's denial of Buffington's motion for postconviction relief.

AFFIRMED.