IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SMITH

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

AHMAD C. SMITH, APPELLANT.

Filed January 10, 2023.    No. A-22-141.

Appeal from the District Court for Douglas County: KIMBERLY MILLER PANKONIN, Judge. Affirmed.

Ahmad C. Smith, pro se.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

MOORE, BISHOP, and WELCH, Judges.

MOORE, Judge.

## INTRODUCTION

Ahmad C. Smith appeals from the order of the district court of Douglas County denying his motion for postconviction relief without an evidentiary hearing. He claims that the district court violated his due process rights by denying him an evidentiary hearing. He also claims that he received ineffective assistance of counsel because his trial counsel coerced him into accepting a plea agreement, his appellate counsel was ineffective for failing to raise this alleged coercion on direct appeal, and his trial counsel failed to adequately investigate his defenses. Based on the reasons that follow, we affirm.

## BACKGROUND

In June 2019, Smith entered a no contest plea and was convicted of discharging a firearm at an inhabited house. He was sentenced to a term of 25 to 30 years' imprisonment. The

- 1 -

background of this case is summarized in Smith's direct appeal. See *State v. Smith*, No. A-19-882, 2020 WL 3447735 (Neb. App. June 15, 2020), review denied (June 30, 2020).

On direct appeal, and represented by different counsel, Smith claimed that the district court imposed an excessive sentence and he raised several claims of ineffective assistance of trial counsel. *Id*. This court found no abuse of discretion concerning Smith's sentence. *Id*. We also found that Smith failed to sufficiently plead or argue that his counsel was deficient in failing to file pretrial motions, in reviewing and pursuing discovery such as taking depositions, in failing to argue his preexisting mental health issues, and in advising him with regard to waiving trial or sentencing. We further found that the record was insufficient to address Smith's claim that his counsel provided deficient advice in regard to his plea. Finally, we found that the record demonstrated that Smith was not prejudiced by his counsel's alleged failure to assist him with the presentence report preparation process and in reviewing or adequately discussing the report with him.

In July 2021, Smith, now pro se, filed a motion for postconviction relief. In that motion, Smith presented ineffective assistance of counsel claims related to both his trial and appellate counsel. Specifically, Smith alleged that trial counsel coerced him into entering a plea agreement and failed to generally investigate Smith's defenses and interview a particular witness. Smith also alleged that appellate counsel was ineffective for failing to raise both claims on direct appeal. Smith further claimed that appellate counsel failed to raise on direct appeal trial counsel's failure to have Smith's competency evaluated prior to the plea hearing. Attached to Smith's motion was correspondence with his appellate counsel, copies of police reports, and a copy of a Youth Level of Service/Case Management Inventory of Smith conducted in 2015.

In an order entered on February 24, 2022, the district court denied Smith's request for postconviction relief. The court found that Smith's ineffective assistance of counsel claims related to alleged plea coercion and Smith's competency were refuted by Smith's own assurances at the plea hearing. The court also found that Smith had not pled facts sufficient to show how an investigation that included interviewing a particular witness would have caused a different result. The court further noted that Smith had suffered no prejudice by trial counsel's alleged failure to investigate, as the plea agreement had dismissed three felony charges against Smith. Because all claims raised in Smith's motion for postconviction relief failed, the court concluded that Smith was not entitled to an evidentiary hearing.

Smith appeals.

ASSIGNMENTS OF ERROR

Smith assigns, restated, that the district court (1) violated Smith's due process rights by denying him an evidentiary hearing, (2) erred by not finding that Smith's trial counsel was ineffective by coercing him into a plea agreement and that Smith's appellate counsel was ineffective for failing to raise this coercion on direct appeal, and (3) erred by not finding that Smith's trial counsel was ineffective by failing to adequately investigate his defenses.

STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his

or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Britt*, 310 Neb. 69, 963 N.W.2d 533 (2021).

Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact. *State v. Combs*, 308 Neb. 587, 955 N.W.2d 322 (2021). When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. *Id*. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision. *State v. Combs, supra*.

ANALYSIS

*Alleged Due Process Rights Violation.*

Smith alleges that the district court violated his due process rights by denying him an evidentiary hearing on his motion for postconviction relief. Smith contends that "the preliminary, pre-trial, sentencing. . . direct appeal and other relevant proceedings. . ." infringed upon his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments. Brief for appellant at 9. Smith does not provide any argument as to how the district court's denial of an evidentiary hearing specifically violated his due process rights.

The determination of whether the procedures afforded an individual comport with constitutional requirements for procedural due process presents a question of law. *State v. Lotter*, 278 Neb. 466, 771 N.W.2d 551 (2009). States are not obligated to provide a postconviction relief procedure. *Id*. The Nebraska Postconviction Act provides a defendant in custody with a civil procedure by which, at any time, the defendant can present a motion alleging there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States. *Id*. We thus interpret this assignment of error to be that the district court erred in denying Smith's motion for postconviction relief without an evidentiary hearing.

In a proceeding under the Nebraska Postconviction Act, the movant is required to allege facts which, if proved, constitute a violation or infringement of constitutional rights, and the pleading of mere conclusions of fact or of law is not sufficient to require the court to grant an evidentiary hearing. *State v. Henderson*, 301 Neb. 633, 920 N.W.2d 246 (2018). An evidentiary hearing must be granted where the facts alleged, if proved, would justify relief, or when a factual dispute arises as to whether a constitutional right is being denied. *Id*.

Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge. *State v. Privett*, 303 Neb. 404, 929 N.W.2d 505 (2019). Thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id*. In a postconviction proceeding brought by a defendant convicted because of a guilty plea or a plea of no contest, a court will consider an allegation that the plea was the result of ineffective assistance of counsel. *Id*.

In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was

- 3 -

deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015). When a conviction is based upon a guilty plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id*. The two prongs of this test, deficient performance and prejudice, may be addressed in either order. *Id*. The entire ineffectiveness analysis is viewed with a strong presumption that counsel's actions were reasonable. *Id*.

Smith presents arguments related to the district court's denial of certain claims in his motion for postconviction relief in his second and third assignments of error.

*Alleged Plea Agreement Coercion.*

Smith argues that he received ineffective assistance of trial counsel when he was coerced into accepting a plea agreement, and that appellate counsel was ineffective for failing to raise this alleged coercion on direct appeal. Specifically, Smith contends that trial counsel instructed Smith to answer "yes" to all questions posed by the district court during the plea hearing to receive a sentence of 15 years' imprisonment, that trial counsel did not argue or consider that Smith could not knowingly and intelligently enter a plea due to preexisting mental health issues, and that trial counsel did not correct misleading information contained in Smith's presentence report.

Smith contends in his brief that this claim was not raised on direct appeal. However, this court evaluated Smith's claims of ineffective assistance of trial counsel related to the consideration of Smith's pre-existing mental health issues and the alleged failure to correct the presentence report on direct appeal. See *State v. Smith*, No. A-19-882, 2020 WL 3447735 (Neb. App. June 15, 2020), *petition for further review denied* (June 30, 2020). Additionally, Smith's counsel on appeal was different than his counsel at trial. Thus, Smith could have alleged in his direct appeal that trial counsel instructed Smith to answer "yes" to all questions during the plea hearing in exchange for a specific sentence, but he failed to include this claim.

It is fundamental that a motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and could have been litigated on direct appeal. *State v. Lotter*, 311 Neb. 878, 976 N.W.2d 721 (2022). When an issue could have been raised on direct appeal, it is procedurally barred from postconviction relief, no matter how the issues may be phrased or rephrased. *Id*.

Because Smith is procedurally barred from arguing that trial counsel was ineffective for allegedly coercing him into accepting a plea agreement, we turn to whether appellate counsel was ineffective for failing to raise this claim on direct appeal.

This postconviction proceeding was Smith's first opportunity to assert that his appellate counsel was ineffective. A claim of ineffective assistance of appellate counsel which could not have been raised on direct appeal may be raised on postconviction review. *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020). When a claim of ineffective assistance of appellate counsel is based on the failure to raise a claim on appeal of ineffective assistance of trial counsel (a layered claim of ineffective assistance of counsel), an appellate court will look at whether trial counsel was ineffective under the *Strickland* test. *State v. Parnell, supra*. If trial counsel was not

ineffective, then the defendant was not prejudiced by appellate counsel's failure to raise the issue. *Id*.

In his postconviction motion, Smith alleged that his appellate counsel refused to bring various ineffective assistance of trial counsel claims on direct appeal, as appellate counsel believed the record did not support such claims. Smith argued that but for "trial counsel's lies," he would not have taken the plea and that had appellate counsel done an efficient job, "there exist[s] a reasonable probability the outcome may have been different."

Attached to Smith's motion for postconviction relief is correspondence from his appellate counsel summarizing the trial record and explaining which ineffective assistance of trial counsel claims were included in Smith's direct appeal. Appellate counsel's letter stated that the record did not support Smith's claim that his plea had been coerced; as Smith had told the district court that his plea was his own free and voluntary act, Smith had not been threatened or offered any leniency in exchange for his plea, and Smith was given enough time to discuss his case with trial counsel and was satisfied with trial counsel's representation.

As we noted above, Smith's appellate counsel did raise ineffective assistance of trial counsel claims related to the consideration of Smith's preexisting mental health issues and the alleged failure to correct the presentence report on direct appeal. And while Smith's brief on appeal makes the specific allegation that trial counsel instructed him to affirmatively answer all questions at the plea hearing, this allegation does not appear in his motion for postconviction relief. Smith also did not assert in his motion that he had informed his appellate counsel of this alleged instruction. Instead, he includes only conclusory statements that his trial counsel had lied to him and, had his appellate counsel been effective, the outcome of his direct appeal would have been different.

Such conclusory allegations are insufficient to establish the prejudice prong of the *Strickland* test. Further, the pleading of mere conclusions of fact or of law is not sufficient to require the court to grant an evidentiary hearing. See *State v. Henderson*, 301 Neb. 633, 920 N.W.2d 246 (2018).

For the sake of completeness, we note that the district court in the instant case found that the record from the plea hearing affirmatively refuted Smith's claim that he had been coerced into the plea agreement by his trial counsel. Our review of the record from the plea hearing supports the district court's conclusion that this claim is refuted by the record. An ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice. *State v. Weathers*, 304 Neb. 402, 935 N.W.2d 185 (2019). As a matter of law, counsel cannot be ineffective for failing to raise a meritless argument. *State v. Meyer*, 30 Neb. App. 662, 971 N.W.2d 185 (2022) (where trial counsel is not ineffective, appellate counsel is not ineffective for failing to raise trial counsel's ineffectiveness). We agree with the district court that this claim of ineffective assistance of trial and appellate counsel did not warrant an evidentiary hearing.

*Alleged Failure to Investigate Defenses.*

Smith argues that he received ineffective assistance when trial counsel failed to adequately investigate Smith's defenses.

In his postconviction motion, Smith claims that his trial counsel was ineffective based on a lack of investigation done in his case, specifically in failing to interview a particular witness. The district court found that Smith failed to show a reasonable probability that but for trial counsel's failure to interview the witness, Smith would have insisted on going to trial rather than pleading guilty. The district court also noted that the favorability of the plea agreement reflected a lack of prejudice.

As noted above, Smith's counsel on appeal was different than his counsel at trial, and therefore Smith could have raised ineffective assistance of trial counsel claims on direct appeal. Because the alleged failure to investigate was known to Smith and could have been litigated on direct appeal, this claim is procedurally barred. Thus, a motion for postconviction relief cannot be used to secure review of the claim and an evidentiary hearing is not warranted. See *State v. Lotter*, 311 Neb. 878, 976 N.W.2d 721 (2022).

Smith also briefly asserts that his appellate counsel was ineffective for failing to raise trial counsel's failure to investigate his defenses on direct appeal. However, Smith does not specifically assign or argue this claim and we do not address it. In appeals from the denial of postconviction relief without an evidentiary hearing, as with all appeals, the alleged errors of the lower court must be both specifically assigned and specifically argued in the brief of the party asserting the errors to be considered by the appellate court. *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022).

For all of these reasons, Smith is not entitled to an evidentiary hearing or relief based on the foregoing claims that his trial counsel was ineffective and that appellate counsel was ineffective for failing to raise the claims on direct appeal. The district court did not err in so concluding.

## CONCLUSION

We conclude that the district court did not err in denying Smith's motion for postconviction relief without an evidentiary hearing. Smith's ineffective assistance of trial counsel claims are procedurally barred, and his ineffective assistance of appellate counsel claims are insufficiently pled and refuted by the record. Therefore, the order of the district court is affirmed.

AFFIRMED.