IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. BROWN


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

ROBERT E. BROWN, APPELLANT.


Filed February 22, 2022.    No. A-21-633.


Appeal from the District Court for Madison County: JAMES G. KUBE, Judge. Affirmed as modified.

Nathan J. Stratton, of Stratton, DeLay, Doele, Carlson, Buettner & Stover, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.


MOORE, ARTERBURN, and WELCH, Judges.

WELCH, Judge.

### INTRODUCTION

Robert E. Brown appeals from his plea-based conviction alleging that the district court erred in denying his motion to suppress, that his trial counsel was ineffective, and that the sentence imposed was excessive. For the reasons stated herein, we affirm as modified.

### STATEMENT OF FACTS

After being investigated for sexual assault of a 15-year-old boy, Brown was arrested and charged with first degree sexual assault of a child, a Class IB felony, and visual depiction of sexually explicit conduct, a Class ID felony. See, Neb. Rev. Stat. § 28-319 (Reissue 2016) (first degree sexual assault); Neb. Rev. Stat. § 28-1463.03(1) and (2) (Cum. Supp. 2020) (visual

- 1 -

depiction of sexually explicit conduct). This information was subsequently amended to add an allegation that Brown was a habitual criminal. See Neb. Rev. Stat. § 29-2221(1) (Reissue 2016).

After receiving information that Brown had asked the victim to send him nude photos through a cell phone application, law enforcement obtained a search warrant for, among other things, Brown's cell phone and Facebook account. Pursuant to the searches of Brown's cell phone and Facebook account, law enforcement learned that Brown had been communicating with other underage males requesting nude photos. Additionally, a search of Brown's Facebook account revealed that Brown had sent the victim's nude photos to another individual who went by "Tbone."

As a consequence of the additional information obtained by law enforcement during their investigation, the information filed against Brown was amended to add five counts of child abuse, Class IIIA felonies. See Neb. Rev. Stat. § 28-707 (Reissue 2016 and Cum. Supp. 2020) (child abuse). Each count of child abuse related to a different child.

After being charged, Brown filed a motion to suppress the evidence obtained by law enforcement during the search of his cell phone and Facebook account conducted pursuant to warrant. Brown alleged that the affidavits in support of the warrant did not establish probable cause that a crime had been committed. Following a suppression hearing, the district court overruled Brown's motion to suppress on the basis that the affidavits established probable cause sufficient to justify issuance of the search warrants, that the search warrants described with sufficient particularity the items to be seized and the places to be searched, and that, even if the court had found that the search warrants lacked particularity and were too broad to protect Brown's privacy interests, the searches were conducted in good faith reliance on the warrants that were issued.

Pursuant to a plea agreement, Brown pled guilty to an amended information charging him with five counts of felony child abuse, Class IIIA felonies, with each offense relating to a different child. As part of the plea agreement, the State dropped the other charges contained in the previous informations, agreed not to file additional charges arising out the incident, and agreed to "make no specific recommendation as to the length of sentence at sentencing in this matter." The factual basis supplied by the State set forth that the five victims were all juveniles and that Brown offered the juveniles either money or cigarettes in exchange for pictures of the victims' genitalia.

During the sentencing hearing, the State made the following comments:

You have the PSI. And I know at one point the PSI . . . focuses on the danger that [Brown] will pose to the public if he gets probation.

Generally when you sentence somebody, you look at three things. One is rehabilitation. You have his record, the number of kids here. Rehabilitation is not going to happen.

You have deterrents. A long jail sentence will not change his attitude about sex with children, but it will keep him away from children. I think that's what the probation officer was pointing out.

And the last thing you have in a sentencing is a retributive aspect, what type of crime is it, you know, what do you do? What do you do that doesn't diminish the crime[s].

[Brown] has offered a couple of exhibits, that he works with children. In these type[s] of cases, as the Court knows, that is not unusual for a defendant to be working with children. It's certainly not helpful to [Brown] that he has. . . .

. . . .

So . . . at that point we're stuck with a case where we have quite a number of victims. . . . we struck a plea agreement which is very fair to [Brown]. But we did not leave any kid behind. We charged for each kid we knew about, which is why you have six counts, although they are fairly low level.

I believe those same considerations should affect the Court a little bit. Concurrent time. Concurrent time means that some kids were left behind. . . . Concurrent time is not appropriate. Probation isn't appropriate. At some point when he gets out of jail years from now, he'll be on post release. I forget what, 18 months or something like that. You'll have to decide whether those should be concurrent or consecutive.

In any event, in summary, [Brown's] record for this type of behaviors is terrible. The exhibits he offers today that he works with kids a lot is very much not helpful to him. The amount of damage that cause or could have been caused was great.

He's not charged with habitual criminal, but he is and he'll be a habitual criminal when he gets out of jail, not just with respect to the law, but with respect to his attitude. His attitude about the law and his attitude to kids.

So the State is opposed to probation; opposed to any sentence that does not reflect the enormity of his crimes, his persistence in doing those crimes and his criminal history.

Following additional comments by Brown and his defense counsel, the court referenced that Brown was 60 years old, single, had an adult child, and graduated from high school. The court noted that Brown had "several sexual interactions with one or more juvenile males" and had a "fairly extensive" criminal history. The court noted that, as a child, Brown was involved in the foster care system and that he had "given a lot of money to kids who are in that system." The court stated in its sentencing order:

The Court reviewed Neb. Rev. Stat. § 29-2260, as amended, and found that there are substantial and compelling circumstances that [Brown] was not a suitable candidate for probation as a sentence lesser than incarceration would depreciate the seriousness of the offense and promote disrespect for the law and because the risk is substantial that during a period of probation [Brown] would engage in additional criminal conduct, and because imprisonment of [Brown] is necessary for the protection of the public, and because [Brown] is in need of correctional treatment which can be provided most effectively by commitment to a correctional facility.

The court sentenced Brown to 3 years' imprisonment for each of the five counts of felony child abuse with the sentences ordered to be served consecutively followed by 2 years' post-release supervision for each count to be served concurrently. Brown was awarded credit for 300 days of time served. Brown has timely appealed his convictions and sentences to this court and is represented by different counsel than represented him during pretrial, the plea hearing, and sentencing.

## ASSIGNMENTS OF ERROR

Brown assigns as error, renumbered and restated, (1) that the district court committed plain error in denying his motion to suppress; (2) the sentence imposed was excessive; and (3) his trial counsel was ineffective because counsel did "[n]ot [follow] up with potential witnesses that could have exonerated" Brown, did "[n]ot appropriately investigat[e] the Second Amended Information," and did "[n]ot timely [object] to . . . statements made by the County Attorney during sentencing."

## STANDARD OF REVIEW

A court may find plain error on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Childs*, 309 Neb. 427, 960 N.W.2d 585 (2021). Plain error should be resorted to only in those rare instances where it is warranted, and it is warranted only when a miscarriage of justice would otherwise occur. *Id*.

Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019).

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *Id*. Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Clark*, 22 Neb. App. 124, 849 N.W.2d 151 (2014).

## ANALYSIS

### MOTION TO SUPPRESS

Brown contends that the district court committed plain error when it overruled his motion to suppress. He contends that the affidavits for the search warrant did not establish probable cause, the warrant did not describe with particularly the places to be searched and the items to be seized, and the good faith exception was not applicable.

The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional, except for the defenses of insufficiency of the indictment, information, or complaint; ineffective assistance of counsel; and lack of jurisdiction. *State v. Manjikian, supra*. Thus, when a defendant pleads guilty or no contest,

he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020).

Here, Brown's guilty pleas waived every defense to those charges except for insufficiency of the information, ineffective assistance claims, and lack of jurisdiction claims. The denial of his motion to suppress does not fall within one of the exceptions. This assignment of error fails.

EXCESSIVE SENTENCES

Brown next asserts that the sentences imposed were excessive. Specifically, he contends that the district court failed to give proper weight and consideration to his nonviolent history, the nonviolent nature of the offenses, his acknowledgement of responsibility and willingness to plead guilty, and his "extensive medical issues and rehabilitative needs." Brief for appellant at 19.

Here, Brown pled guilty to five Class IIIA offenses. Class IIIA felonies are punishable by no imprisonment to 3 years' imprisonment followed by 9 to 18 months' post-release supervision. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020). Brown's sentences of 3 years' imprisonment on each count to be served consecutively are within the statutory sentencing range.

In reviewing whether an abuse of discretion occurred during sentencing, an appellate court determines whether the sentencing court considered and applied the well-established factors and any applicable legal principles in determining the sentence to be imposed. *State v. Grant*, 310 Neb. 700, ___ N.W.2d ___ (2022). When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *Id*. The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

In sentencing Brown, the district court considered the appropriate factors including Brown's age, education, and his "fairly extensive" criminal history. That criminal history included numerous convictions for theft and forgery, as well as convictions for attempted possession of a firearm by a prohibited person, robbery, contributing to the delinquency of a minor, and vandalism. The PSR notes that Brown "continually minimized and rationalized his actions in the current matter." The Vermont Assessment for Sex Offender Risk assessed Brown as a moderate-high risk to reoffend. Based upon these factors, the district court did not abuse its discretion in sentencing Brown to 3 years' imprisonment on each of the five Class IIIA felonies.

However, as the State noted in its brief, although the imprisonment portion of Brown's sentence was within the statutory sentencing range and was not an abuse of discretion, the portion of the court's order sentencing Brown to 2 years' post-release supervision on each count exceeded the statutory maximum of 18 months' post-release supervision. See § 28-105. Although this issue was not raised by Brown, we address it pursuant to plain error. Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the

integrity, reputation, and fairness of the judicial process. *State v. Kipple*, 310 Neb. 654, 968 N.W.2d 613 (2022).

The power to define criminal conduct and fix its punishment is vested in the legislative branch, whereas the imposition of a sentence within these legislative limits is a judicial function. *State v. Kantaras*, 294 Neb. 960, 885 N.W.2d 558 (2016). Accordingly, a sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or less than the permissible statutory penalty for the crime. *Id.* Because the terms of post-release supervision imposed by the district court are greater than the permissible statutory penalty for a Class IIIA felony, we modify that portion of the court's order which sentenced Brown to 2 years' post-release supervision on each count and decrease Brown's sentence of post-release supervision on each count to the statutory maximum of 18 months' post-release supervision and order them to be served concurrently.

INEFFECTIVE ASSISTANCE OF COUNSEL

Brown's final assignment of error is that his trial counsel was ineffective for (1) not following up with potential witnesses that could have exonerated Brown, (2) not appropriately investigating the second amended information, and (3) not timely objecting to the statements made by the State during sentencing. Brown's counsel on direct appeal is different from his counsel who represented Brown during his pretrial, plea hearing, and sentencing. When a defendant's counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019).

When a claim of ineffective assistance of trial counsel is raised in a direct, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020). General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal. *State v. Weathers*, 304 Neb. 402, 935 N.W.2d 185 (2019).

Brown's claim that trial counsel was ineffective for not following up with potential witnesses that could have exonerated Brown was insufficiently pled. Brown does not identify the witnesses that counsel should have investigated See, *State v. Blake*, 310 Neb. 769, ___ N.W.2d ___ (2022) (it is sufficient that appellate counsel give on direct appeal names or descriptions of any uncalled witnesses forming bases of claim of ineffective assistance of trial counsel); *State v. Abdullah*, 289 Neb. 123, 853 N.W.2d 858 (2014) (claim that trial counsel was ineffective for failing to call "at least two" witnesses who would have been "beneficial" to defendant's case was insufficiently pled).

Brown's second claim, that counsel was ineffective for not appropriately investigating the second amended information, is likewise insufficiently pled. Brown's counsel argues that the PSR indicated Brown denied certain attributes of the charges and then concludes that "[t]rial counsel should have appropriately investigated the charges contained in the Second Amended Complaint to be able to appropriately advise [Brown] in regards to the merits of the plea agreement." Brief for appellant at 25. But Brown conspicuously omits from the assignment and argument what

additional information a further investigation would have uncovered as it relates to those five specific charges. See *State v. Privett*, 303 Neb. 404, 929 N.W.2d 505 (2019) (holding in context of claim of ineffective assistance of counsel for failure to investigate, allegations are too speculative to warrant relief if petitioner fails to allege what exculpatory evidence that investigation would have procured and how it would have affected outcome of case). Having failed to allege what specific exculpatory information a further investigation would have uncovered, we find Brown has failed to preserve this claim.

Brown's third claim is that trial counsel was ineffective for failing to object to the State's comments made during the sentencing hearing as violating the terms of the plea agreement. The plea agreement provided that that State would make no specific recommendation as to the length of the sentence to be imposed. At the sentencing hearing, the State argued that if the court ordered concurrent time on the five charges, some of the victims would be "left behind," stated that concurrent time and probation were "not appropriate," argued for consecutive sentences, and opposed any sentence that did not reflect the "enormity of his crimes, his persistence in doing those crimes and his criminal history."

In *State v. Landera*, 285 Neb. 243, 254, 826 N.W.2d 570, 578 (2013), the Nebraska Supreme Court held:

> Because the approach to the interpretation of plea agreements advocated by the State is consistent with existing Nebraska case law and a large body of federal case law encompassing decisions of the U.S. Supreme Court and a majority of the federal circuit courts, we hold that courts implementing plea agreements should enforce only those terms and conditions actually agreed upon by the parties.

Here, the relevant portion of the plea agreement provided that the State agreed to "make no specific recommendation as to the length of sentence at sentencing in this matter." Here, although the State generally asserted that the district court should consider consecutive rather than concurrent sentences, the State made no "specific" recommendation as to the length of the sentences. Because we find that the State made no specific recommendation of the length of sentence, we find that no violation of the plea agreement occurred and any objection to the State's comments during sentencing would have been overruled. And because, as a matter of law, counsel is not ineffective for failing to make a meritless objection, we find that the record is sufficient to refute this allegation of ineffective assistance of counsel. See *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020) (as matter of law, counsel is not ineffective for failing to make meritless objection). This allegation of ineffective assistance of counsel fails.

CONCLUSION

As stated above, we find that Brown's challenge to the motion to suppress was waived, that he has not sufficiently pled his claims that trial counsel was ineffective for not following up with potential witnesses and not appropriately investigating the second amended information, and that the record refutes his claim that trial counsel was ineffective for failing to object to the State's general remarks during the sentencing hearing as to consecutive rather than concurrent sentences. Finally, we affirm Brown's sentences of 3 years' imprisonment to be served consecutively, but

modify the portion of his sentences for post-release supervision to the statutory maximum of 18 months with the post-release sentences ordered to be served concurrently.

AFFIRMED AS MODIFIED.